WILLIFORD v. KANSAS CITY, M. & B. R. CO. et al.

(Circuit Court, W. D. Tennessee, W. D. January 4, 1907.)

No. 3,809.

JUDGMENT — RES JUDICATA — IDENTITY OF CAUSE OF ACTION — MASTER AND SERVANT.

Plaintiff sued defendant railroad companies and certain of their employés in a state court for a tort consisting solely of the act of such employés. All the defendants appeared, and at the trial a verdict was rendered in favor of the individual defendants and against the corporations. Plaintiff did not appeal from the judgment against him in favor of the individual defendants, but the corporations appealed and obtained a reversal of the judgment against them, whereupon plaintiff took a nonsuit, and subsequently brought a new action in the federal court against the corporations alone. *Held* that, the corporations being only chargeable because of the doctrine of respondeat superior, the final judgment in the state court in favor of the servants was a bar to plaintiff's present action against the railroads.

On Demurrer to Plea of Res Judicata. Demurrer overruled.

Jere Horne, for plaintiff.
C. H. Trimble, for defendants.

McCALL, District Judge. As disclosed by the pleadings in this case, it appears that on December 19, 1902, the plaintiff herein sued the defendants herein jointly with J. W. Middlebrook, conductor, P. W. Ringwald, engineer, and J. B. Scruggs, flagman, servants of the defendant railroad companies, for the identical cause of action set out in the declaration herein, in the circuit court of Shelby county, Tenn. All the parties defendant appeared and defended in that case, and on a trial thereof before the court and jury a verdict was rendered in favor of the individual defendants and against the corporation defendants. A judgment was entered on these verdicts. The plaintiff did

not appeal from the verdict and judgment against him and in favor of the individual defendants, and that judgment is final. The defendant corporations prosecuted their appeal to the Supreme Court of Tennessee from the verdict and judgment against them in favor of the plaintiff. On a hearing in the Supreme Court of Tennessee, the case was reversed and remanded to the circuit court of Shelby county for a new trial. For reasons satisfactory to him, plaintiff's counsel took a nonsuit as to the corporation defendants when the case was again on the state circuit court docket. Subsequently, this action was brought in this court against the corporations only who were defendants in the case in the state court. The defendants here interpose their pleas of not guilty, contributory negligence, and res adjudicata. To the plea of res adjudicata the plaintiff demurs, and the case is now heard on this demurrer.

For the purpose of the demurrer, the allegations of the plea are taken as true. The demurrer raises this question, is a valid and final judgment against a plaintiff on the facts of the case, in a suit against a servant for an injury which was the result of the negligence of the servant alone, a bar to an action subsequently brought by the same plaintiff against the master for the identical cause of action, the master being neither present, nor directing nor concurring in the act which produces the injury? The declaration alleges in substance that the injury was the result of the negligent and wrongful acts of the conductor, engineer, and flagman, the servants of the defendants. The only possible way by which the defendants here could be held liable would be to convince the court and jury that the injury was the result of the negligent and wrongful act of the servants who were in charge of the train of defendants at the time of the accident. But the plea alleges that a valid and a final judgment has been entered in the state court deciding that these identical servants were not liable to plaintiff for the injury complained of here, and we must conclude that this judgment is based upon a verdict of a jury that such servants were not guilty of any negligence or that plaintiff's intestate was guilty of such contributory negligence as defeated his recovery. If either proposition is true, then no recovery could be had against the defendants here, for their liability in this case must be worked out through the servants. We must assume either or both propositions to be true, because it has been so adjudged by a court of competent jurisdiction, and that judgment is unappealed from, and remains in full force and effect and is final.

The plaintiff has had his day in court, heretofore, in a full, free, and fair trial of the question of negligence of defendants' servants, and the issue has been found against the plaintiff and in favor of the servants, and it has been so adjudged. Now, to hold that this judgment cannot be successfully pleaded in bar to the action here, would be to hold that the plaintiff can have two days in court, and be permitted to again try the identical issue that has been finally settled against him in another tribunal of his own selection. These servants were in charge of and operating an engine and train of cars of the defendant railroad companies, and the servants' imputed negligent acts in operating this engine and train were the alleged cause of the injury complained of

by plaintiff. And the judgment in the state court necessarily determined that they were innocent of the imputed negligent and wrongful acts. Hence, the principals could not be held liable, since their liability must be determined by the guilt or innocence of the servant on the charge of negligence. My conclusion is that, the plaintiff having tested his right to recover against the servants or agents of the master or principal, and having had his day in court, he is precluded from testing it again on the same issue or issues against the master or principal. Bailey v. Sundberg, 1 C. C. A. 387, 49 Fed. 583; Emma Silver Mining Co. Case (C. C.) 7 Fed. 401; Emery v. Fowler, 39 Me. 326, 63 Am. Dec. 627; Hill v. Bain, 15 R. I. 75, 23 Atl. 44, 2 Am. St. Rep. 873.

Let us take another view of the case. The master or principal who is held to pay damages for injuries inflicted on third parties because of the negligent or wrongful act of a servant or agent has a right of action to recover the amount of such damages from the servant or agent whose negligent or wrongful act caused the injury. Now, in this case it has been finally adjudged that the servants of these defendants were not guilty of such negligent or wrongful acts as rendered them liable for the death of plaintiff's intestate. In what condition would the defendants be placed if this case should be permitted to go on with the result that a verdict for damages should be returned against them, and a judgment of the court pronounced thereon? Could these defendants maintain a suit against their servants or agents to recover the amount they might have to pay in this case? They would be met at the very threshold with a plea of res adjudicata, predicated upon the judgment in favor of the servants on the identical same issue, rendered in the state court. In this character of cases, the servant is personally liable for his negligent and wrongful act, and the master is also liable for the negligent and wrongful act of the servant, under the doctrine of respondeat superior, although there can be but one satisfaction. Undoubtedly, the judgment on the merits in favor of the servants in the state courts in the case of Williford, Adm'r, against them, could be successfully pleaded in bar of an action by the same plaintiff against the same servants for the same cause of action in this court. It seems to follow, inevitably, that the master can avail himself of the same defense, since his liability depends alone upon the negligence of the servant.

The demurrer to the third and fourth pleas of res adjudicata is overruled.