SEARCHLIGHT HORN CO. v. AMERICAN GRAPHOPHONE CO.

(District Court, D. Connecticut.  November 27, 1916.)

No. 1451.

1. JUDGMENT ☞675(1)—PERSONS CONCLUDED—PERSONS CONDUCTING DEFENSE.

A corporation, which, although not a party to the record, assumes full control and conduct of litigation on behalf of a defendant, is as fully bound by the decree therein as though a formal defendant.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1190, 1194.]

2. CORPORATIONS ☞1—CORPORATE LIABILITIES—SEPARATE ENTITY OF CORPORATION AND STOCKHOLDERS.

When a corporation is owned and controlled by a single person, either a natural or artificial person, the doctrine of separate legal entity of the corporation, as distinguished from its shareholders, cannot be invoked in a court of equity for the purpose of covering up transactions or of evading liability, but the court will look beyond the corporate form to the purpose of it.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1, 3–6.]

3. INJUNCTION ☞33—SUIT FOR INFRINGEMENT—RESTRAINING OTHER PROCEEDINGS BY COMPLAINANT.

An infringement suit in a federal court in California resulted in an interlocutory decree against the defendant corporation.  Such defendant was the selling agent for the manufacturing corporation, which owned all of its stock, controlled its acts, and conducted the defense to the suit, to the knowledge of all parties.  Some years later the complainant brought suit for infringement against the manufacturing company in a federal court in Connecticut.  Held, that the latter court, the suit in which involved an accounting for a different period of time, would not restrain the complainant from proceeding by supplemental bill in the California court to have the manufacturing company made a party to the record in the cause before it, so as to permit the final decree to include a judgment for damages against it.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 70, 71.]

In Equity.  Suit by the Searchlight Horn Company against the American Graphophone Company.  On rule by defendant for injunction.  Rule discharged.

Frederick S. Duncan, of New York City, for plaintiff.
C. A. L. Massie, of New York City, for defendant.

THOMAS, District Judge. This is a suit in equity for infringement of letters patent of the United States granted October 4, 1904, to Peter C. Nielsen for phonograph horns, No. 771,441, owned by the plaintiff.

The case now arises on a rule to show cause why the plaintiff should not be enjoined from impleading or attempting to implead the defendant in this action as a joint defendant in an equity suit charging infringement of said letters patent now pending in the District Court of the United States for the Northern District of California in which the plaintiff here is the plaintiff there and the Columbia Graphophone Company is the defendant, or from in any wise attempting to bring the defendant, the American Graphophone Company into said California suit or within the jurisdiction of the California court, or from in any wise interfering with the orderly conduct of this cause now pending in this court. The facts upon which this rule arises are as follows:

The plaintiff is a New York corporation. Some time in 1911 the plaintiff commenced litigation in the northern district of California against infringers of said patent. There were several of these suits, some of which were taken to the Circuit Court of Appeals for the Ninth Circuit, and in all of the cases the validity of the patent was sustained, and the respective defendants adjudged to be infringers. In 1913 the plaintiff filed a bill in equity in the Northern district of California on the patent in suit against the Columbia Graphophone Company, a West Virginia corporation formerly known as the Columbia Phonograph Company General, praying for an injunction against the further manufacture, use, and sale by said Columbia Graphophone Company of phonograph horns embodying the invention of the Nielsen patent, and an accounting of profits and damages, and for costs. A preliminary injunction was granted, and after final hearing on pleadings and proofs an interlocutory decree was entered in favor of the plaintiff, deciding all the issues in favor of the plaintiff, and adjudging said patent to be valid and infringed by the phonograph horns made, used, and sold by the defendant therein, and a permanent injunction was granted against the further manufacture, use, and sale of such horns by the defendant. An accounting was also directed, together with the customary reference to a master. A motion by the plaintiff is now pending in the California case for leave to file a supplementary bill of complaint making the American Graphophone Company, a party defendant, and for a decree to the effect that the American Graphophone Company committed the acts of infringement therein complained of and proved, and for a judgment for profits and damages against the American Graphophone Company for the six years prior to the commencement of the California action. The purpose of the present motion and rule is to restrain the plaintiff from prosecuting this motion in California.

All of the infringing articles had been supplied by the American Graphophone Company to the Columbia Graphophone Company for the purposes of sale, the latter corporation being the sales agent of the American Graphophone Company. All of the capital stock of the Columbia Graphophone Company is under the full and complete control and management of the American Graphophone Company, and

the Columbia Graphophone Company has been and is, as a matter of fact, a mere name under which the defendant herein has conducted its business. Its stores have been rented for it by the American Graphophone Company, and all of its goods belong to the American Graphophone Company, as do all the proceeds of the sales, and the Columbia Graphophone Company has made no profits and received no compensation whatever for its handling of the American Graphophone Company's goods, and all of the acts and doings of the Columbia Graphophone Company have, as a matter of fact, been the acts and doings of the defendant herein, doing business under the name of the Columbia Graphophone Company. Moreover, the action in the California suit against the Columbia Graphophone Company was openly defended by counsel employed by the defendant herein, who had the conduct and management of the litigation, and with full knowledge of opposing counsel.

[1] Clearly this court has no power to take any action which will take from the final decree to be entered in the California case the force and effect to which it is clearly entitled. Although the American Graphophone Company was not a party of record to the California litigation, its conduct in taking part in and managing the litigation makes it bound by any judgment therein as fully and to the same extent as though it were a party to the record. Souffront v. Compagnie des Sucreries, 217 U. S. 475, 30 Sup. Ct. 608, 54 L. Ed. 846; Washington Gas Co. v. District of Columbia, 161 U. S. 316, 16 Sup. Ct. 564, 40 L. Ed. 712; Robbins v. Chicago City, 4 Wall. 657, ·18 L. Ed. 427; Lovejoy v. Murray, 3 Wall. 1, 18 L. Ed. 129.

[2] Moreover, the authorities put beyond all question that when a corporation is owned and controlled by a single person (either a natural or an artificial person) the rule that the corporation and the shareholders have a separate entity and existence can never be made use of for purposes of evading responsibility, or as a means of distorting or hiding the truth, or of covering up transactions. In such cases, the presumption that knowledge of facts and circumstances affecting the interests of the stockholders of a corporation cannot be imputed to the corporation itself has no application, unless the interests of the stockholders and the corporation are adverse; but, on the contrary, the presumption is otherwise where such interests are not adverse. The courts in all such cases look beyond the formal corporate differences into the real and substantial rights, rather than mere matters of organization. There are numerous adjudged cases bearing out this proposition.

An instructive case on this point is National Conduit Mfg. Co. v. Connecticut Pipe Mfg. Co. (C. C.) 73 Fed. 491, arising in the Circuit Court for this district and decided by Judge Townsend, in which it was held that the estoppel as against the assignor of a patent operates against a corporation subsequently formed by him, and which is entirely owned and controlled by him, and that the corporation will be estopped, even if another company has a substantial interest therein, if it appears that at the time of acquiring his interest he had knowledge of the patent, its assignment, and had been associated with the assignor in the line of business to which the patent relates.

Another case directly in point is Linn & Lane Timber Co. v. United States, 196 Fed. 593, 116 C. C. A. 267, decided by the Circuit Court of Appeals for the Ninth Circuit, and affirmed by the United States Supreme Court, 236 U. S. 574, 35 Sup. Ct. 440, 59 L. Ed. 725, where it was held that the doctrine of separate legal entity of a corporation, as distinguished from its members, cannot be invoked in a court of equity as a cover for a transaction, but in such cases the court will look beyond the corporate form to the purpose of it, and whatever would be binding upon the persons composing it will be binding on the corporation.

In Simmons Co. v. Doran, 142 U. S. 417, 12 Sup. Ct. 239, 35 L. Ed. 1063, it was held that where each and all of the individuals who organize a corporation under a state law had knowledge or actual notice of a defect in the title to lands acquired by the corporation through them, their knowledge or actual notice was knowledge or actual notice to the company.

The rule is nowhere more clearly or forcibly stated than by Mr. Justice McKenna in delivering the judgment of the Supreme Court in McCaskill Co. v. United States, 216 U. S. 504, 30 Sup. Ct. 386, 54 L. Ed. 590, as follows:

"Undoubtedly a corporation is, in law, a person or entity entirely distinct from its stockholders and officers. It may have interest distinct from theirs. Their interests, it may be conceived, may be adverse to its interest, and hence has arisen against the presumption that their knowledge is its knowledge, the counter presumption that in transactions with it, when their interest is adverse, their knowledge will not be attributed to it. But while this presumption should be enforced to protect the corporation, it should not be carried so far as to enable the corporation to become a means of fraud or a means to evade its responsibilities. A growing tendency is therefore exhibited in the courts to look beyond the corporate form to the purpose of it and to the officers who are identified with that purpose. Illustrations are given of this in Cook on Corporations, §§ 663, 664, and 727. The principle was enforced in this court in Simmons Creek Coal Co. v. Doran, 142 U. S. 417 [12 Sup. Ct. 239, 35 L. Ed. 1063]. In that case a corporation claimed title to land through a deed of its corporators, one of whom became its president. Of the effect of this the court said: 'Associated together to carry forward a common enterprise, the knowledge or actual notice of all these corporators, and the president, was the knowledge or notice of the company, and if constructive notice bound them it bound the company.' The case at bar is within the principle. The bill alleges that J. J. McCaskill and Robert E. L. McCaskill were copartners and engaged in the manufacture of lumber at Freeport, Fla. They incorporated this business, it is alleged, under the laws of Florida, 'by the corporate name of J. J. McCaskill Company, with the said J. J. McCaskill as president and the said Robert E. L. McCaskill as secretary, owning a large majority of the stock of said corporation, with the entire management and control of the business and affairs of said corporation.' There is no denial of this allegation. The interest of the corporators and the corporation thus shown to be identical, not adverse, we think the ruling in Simmons Creek Coal Company v. Doran is applicable."

Other cases directly in point are Riverdale Mills Co. v. Mfg. Co., 198 U. S. 188, 25 Sup. Ct. 629, 49 L. Ed. 1008; United States v. Lehigh Valley R. R. Co., 220 U. S. 257, 31 Sup. Ct. 387, 55 L. Ed. 458; Anthony v. American Glucose Co., 146 N. Y. 407, 41 N. E. 23; In re Muncie Pulp Co., 139 Fed. 546, 71 C. C. A. 530; In re Rieger, Kapner & Altmark (D. C.) 157 Fed. 609.

[3] Whether the California court has the right to allow the filing of the supplemental bill of complaint in the action there pending, making the American Graphophone Company a party to the record in that cause, so as to permit the final decree to be drawn, so as to include a judgment for damages against said corporation, is a question that is not before me, and one which I am not called upon to decide. Such a question belongs to the California court, and it is the appropriate forum in which to litigate that question.

Moreover, the present suit was commenced in June, 1916, and can include the recovery of profits and damages only from June, 1910. The California suit was commenced in 1913, and if the American Graphophone Company can be deemed a party to that suit, so that a judgment for damages may be rendered against it, a recovery can be had against it in that suit for all profits and damages for six years prior to the commencement of that suit, viz., from July, 1907. In other words, the two suits involve different periods of time and different recoveries of profits and damages, and in view of the claim of fact which is strongly urged, and which is not controverted, that the Columbia Graphophone Company has no assets, a question is presented which should not be adjudicated upon this rule and motion.

Should any accounting be ordered at any time in the California suit against the American Graphophone Company, the plaintiff agrees that such accounting may be had here, where the books of the American Graphophone Company are kept. This agreement disposes of the claim made by the defendant that the attempt of the plaintiff to implead the American Graphophone Company in the California suit, if successful, would work a severe hardship and expense, necessitating, as is urged, the removal of all books and records as well as some of the employés of the American Graphophone Company to California, to be detained there as long as the accounting lasts.

Under the circumstances I fail to see how the prosecution of the motion in the California case in any way interferes with the orderly conduct of this case. For the reasons above indicated, the rule should be discharged and the motion denied. Let an order to that effect be entered.

So ordered.