No. 23,078.

JOSEPH LESSERT, *Plaintiff* (ELLA PLOMONDON, *Appellee*), V.
LEE KREBS, *Appellant.*

.SYLLABUS BY THE COURT.

1. REPLEVIN—*Chattel Mortgaged Property—Mortgage Debt, Paid by
Third Party Pending Suit—Subrogation.* A guardian, who with her
ward signs a promissory note and to secure its payment executes a
chattel mortgage on property of the ward, may pay the note out of
her own money and be personally subrogated to the rights of the
mortgagee as against a third person who acquires possession of the
mortgaged property in violation of the rights of the mortgagee.

2. SAME—*Judgment in Favor of Third Party Subrogated to Plaintiff's
Interest.* In an action in replevin commenced by a chattel mortgagee
to recover possession of the mortgaged property, it is not reversible
error to render judgment in favor of one who, although not a party
to the action, after its commencement pays the mortgage debt and is
entitled to subrogation to the rights of the mortgagee as against one
wrongfully holding possession of the property.

3. SAME—*By Mortgagee of Automobile—Nature of Judgment to Be Ren-
dered—Value of Automobile.* In a replevin action brought by a chat-
tel mortgagee to recover possession of the mortgaged property, it is
not reversible error to render·judgment in favor of the plaintiff for
the full amount of the mortgage debt if, on the trial, the parties and
the court assume that the value of the automobile was greater than
the mortgage debt, or that the plaintiff was entitled to judgment for
the amount of the debt, if he could recover any judgment whatever.

Appeal from Cowley district court; OLIVER P. FULLER,
judge. Opinion filed April 9, 1921. Affirmed.

*Albert Faulconer,* and *Kirke W. Dale,* both of Arkansas City,
for the appellant.

*C. T. Atkinson,* and *Tom Pringle,* both of Arkansas City, for
the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to re-
plevin an automobile in which he claimed an interest under a
chattel mortgage given by George Plomondon, a minor, and
Ella Plomondon, his guardian. The property was taken under
the writ, and a redelivery bond was given. Judgment was

rendered in favor of Ella Plomondon, who had not been made a party to the action, and the defendant appeals.

George Plomondon owned an automobile, and he with Ella Plomondon, his mother and guardian, executed a promissory note for $1,370 payable to the plaintiff and, to secure the payment thereof, gave the plaintiff a chattel mortgage on the automobile. The chattel mortgage was filed for record in Osage county, Oklahoma, where George Plomondon lived. He went to Arkansas City, in Cowley county, and there traded the automobile to the defendant for another automobile and $150 in money. The plaintiff demanded the return of the automobile on which he held the chattel mortgage and offered to give back the $150 and the automobile received by George Plomondon, but the defendant refused to comply with the plaintiff's demand. This action was then commenced. A copy of the note and of the chattel mortgage were set out in the plaintiff's petition. The answer was a general denial but was not verified. After the action was commenced, Ella Plomondon paid to the plaintiff all that was owing him on the note. On the trial, a verdict was returned in favor of the plaintiff for $1,495.58, and judgment was rendered thereon. A motion for a new trail was filed by the defendant, and, on the hearing of that motion, the judgment in favor of the plaintiff was set aside, and judgment was entered in favor of Ella Plomondon for the amount of the verdict.

1. The defendant's demurrer to the plaintiff's evidence was overruled, and instructions requested by the defendant directing the jury to return a verdict in his favor were not given. Of these matters, he complains. The argument to support his contention is based on the fact that Ella Plomondon paid the note. The defendant argues that thereafter the plaintiff had no lien on the automobile. The defendant insists that Ella Plomondon was a stranger to the entire transaction. She was not a stranger; her name was on the note as guardian. Her son and ward had signed it personally. It was her duty as guardian to protect the property of her ward. Her relation to George Plomondon took her out of the category known as strangers or volunteers and placed her in the class known as interested persons.

The defendant argues that Ella Plomondon was not liable on the note. It does not necessarily follow that because she signed' the note as guardian, she was not liable thereon as surety. She might, by her conduct in the transaction in which the note was given, have rendered herself personally liable thereon as surety. The defendant obtained possession of the automobile in violation of the rights of the plaintiff, and either he or the guardian could have prevailed in an action to recover the possession of the automobile. After the defendant was offered all that he had given for the automobile, and he refused to return it, his possession of it was wrongful, if it had not been before, and payment of the mortgage debt by Ella Plomondon did not change the character of his possession and did not inure to his benefit. When she paid the note, she was entitled to be subrogated to the rights of the plaintiff under the note and mortgage.

2. It is claimed that because Ella Plomondon was never made a party to the action judgment could not be rendered in her favor. She could have been made a party, and, on her application, probably would have been substituted for the plaintiff. If it were right and proper that judgment be rendered in her favor had she been a party, the court could and probably did consider her as such. Being entitled to subrogation to the rights of the plaintiff, there was no reversible error in rendering judgment in her favor.

3. The defendant insists that the court erred in giving the following instruction to the jury:'

"In the event you find for the plaintiff in estimating plaintiff's interest in the property in controversy you should find the amount of $1,370.00, together with ten per cent interest thereon from the 1st day of May, 1919."

To support this contention, it is argued that there was no evidence to prove the value of the automobile; that it might have been of less or more value than that named in the instruction; and that the instructions should have directed a recovery for the value of the automobile if that value were less than the amount of the note and interest, and for that amount if the value of the automobile were more. No such instruction was requested, and this question does not appear to have been presented to the trial court in any manner whatever. From

the abstracts, it may be reasonably concluded that the action was tried on the assumption, by all the parties and by the court, that the value of the automobile was greater than the amount of the note and the interest thereon, or that the plaintiff was entitled to judgment for that amount if he could recover at all.

The judgment was—

"That the plaintiff have and recover from the defendant the immediate possession of one Chandler Dispatch touring car, car No. 55494, and in the event that possession of said car is not delivered to the plaintiff that he have and recover from the defendant the sum of $1,495.50 with interest thereon at the rate of 10 per cent per annum and the costs of this action."

But for the theory on which the action was tried, the judgment might have been different. The plaintiff was entitled to recover, and, following the assumption that seems to have been followed on the trial, the defendant cannot complain of the judgment that was rendered.

The judgment is affirmed.