LOIS HOSKINS, Appellant, v. HOTEL RANDOLPH COMPANY, Appellant.

**JUDGMENT: Conclusiveness—Bad-faith Defense by Vouchee.** One who
1. is vouched by a defendant into an action, and assumes exclusive charge of the defense, and in the trial pursues a course distinctly hostile to the defendant and distinctly favorable to himself, may thereby make himself, in legal effect, a codefendant, and be *conclusively bound by the judgment against the defendant.* So held where the vouchee, knowing that he was vouched into the action by the defendant on the theory that the negligence charged was·primary as to the vouchee and secondary as to the defendant, actively attempted to establish that he (the vouchee) was not negligent and that the defendant was negligent. (See Book of Anno., Vol. 1, Sec. 11567, Anno. 155 *et seq.*)

**APPEARANCE: Special Appearance—Appearance by Vouchee.** A
2. vouchee who has voluntarily taken over the defense of an action may not file a special appearance to a motion for judgment against him on the judgment rendered against the defendant.

**APPEAL AND ERROR: Decisions Reviewable—Order Refusing Judg-**
3. ment Against Vouchee. An order refusing a judgment against a vouchee (who was, in substance, a party) is appealable.

**PRINCIPAL AND SURETY: Remedies of Creditors—Judgment Against**
4. **Vouchee.** Judgment may be rendered not only against the defendant in an action, but against one who has been vouched into the action and who has assumed exclusive charge of the defense, and whose conduct

of the defense has been such as to render himself, in legal effect, a codefendant.

Headnote 1: 34 C. J. pp. 1006, 1007.   Headnote 2: 4 C. J. pp. 1317, 1340, 1341.   Headnote 3: 3 C. J. p. 623.   Headnote 4: 32 Cyc. p. 140.

Headnote 1: 15 R. C. L. 1014.

*Appeal from Polk District Court.*—O. S. FRANKLIN, Judge.

DECEMBER 16, 1926.

REHEARING DENIED JULY 1, 1927.

Action for damages for personal injuries sustained by plaintiff in a passenger elevator in the hotel of the defendant, Hotel Randolph Company. Defendant vouched in the manufacturer of the elevator, the Otis Elevator Company. The Otis Elevator Company defended in the name of the Hotel Randolph Company. Verdict for plaintiff, and judgment entered against the Hotel Randolph Company. No appeal has been taken from that judgment. After the entry of judgment, defendant moved that it be entered against the Otis Elevator Company, and that the Otis Elevator Company be recited as primarily liable as principal, and the Hotel Randolph Company as surety, under Section 3779, Code of 1897. Plaintiff also moved for judgment against the Otis Elevator Company for the amount of the verdict and costs. These motions were overruled, and plaintiff and defendant separately appeal.—*Reversed.*

*William E. Miller,* for appellant Lois Hoskins.

*Carr, Cox, Evans & Riley,* for appellant Hotel Randolph Company.

*Sims, Welch, Godman & Stransky, Miller, Kelly, Shuttleworth & McManus,* and *Parrish, Cohen, Guthrie & Watters,* for Otis Elevator Company.

MORLING, J.—Plaintiff brought a prior action against the Hotel Randolph Company, Otis Elevator Company, and others, to recover for the injuries here in controversy, alleging them to

1. JUDGMENT: conclusiveness: bad-faith defense by vouchee. have resulted from the negligence of the defendants. The Otis Elevator Company removed the cause to the Federal court. That court, on the Otis Elevator Company's motion, held that there was a misjoinder of causes, and gave plaintiff leave to set them forth in separate petitions. The plaintiff then filed in the Federal court her petition against the Otis Elevator Company, alleging that the Otis Elevator Company was negligent in the particulars charged against the Hotel Randolph Company in this action. The action in the Federal court is still pending. Plaintiff dismissed as to the other defendants, and filed in the state court in the present case her petition against the Hotel Randolph Company and its manager, Mong. Mong has been dismissed. This petition alleges negligence in the construction, inspection, maintenance, repair, and operation of the elevator. It makes no specific reference to liability on the part of any manufacturer or dealer. The Hotel Randolph Company answered by general denial, and then served on the Otis Elevator Company notice of the commencement of the action, setting out generally the claim of the petition, and stating:

"You are further notified that the undersigned claim that, if they are liable to the plaintiff in this action, it is only because of your negligence, for which they are or may be held responsible to the plaintiff, and that, except for your negligence, the plaintiff would not be entitled to recover of the undersigned, the defendants named in the action. You are, therefore, notified that the undersigned will claim of you indemnity for all sums which they may be compelled to pay to the plaintiff on account of the matters and things alleged in the petition heretofore referred to, including all judgments, costs, attorneys' fees, and all expenses incurred in the defense thereof. You are, therefore, notified to appear and defend said action on behalf of said Hotel Randolph Company and George L. Mong, and hold them harmless from all judgments, attorneys' fees and expenses of defense."

To this notice the Otis Elevator Company replied that, in consequence of it, the Otis Elevator Company, through its attorneys (named), would appear and defend, and "will at this time assume charge of the defense of said suit." This reply stated as the understanding of the Otis Elevator Company that it was

not liable to plaintiff, and that it disclaimed any liability to defendants or to plaintiff ''which has been, is, may, might, or can be claimed by the said defendant to be based upon any matter connected with or growing out of this suit, and you are advised that it appears and defends * * * in consequence of your notice. * * *'' The Otis Elevator Company requested defendant and its attorneys to deliver to the Otis Elevator Company's attorneys everything in any way connected with the suit. The Hotel Randolph Company's attorney handed its papers to the Otis Elevator Company's attorneys. Later, the Hotel Randolph Company notified the Otis Elevator Company that the claim of indemnity and the opportunity to defend were inseparable, and that the defense must be accepted by the Otis Elevator Company, if at all, only on the basis named in the original notice to defend. The Otis Elevator Company responded:

''We are prepared to go ahead and defend this suit for both of said defendants, just as stated in the notice of acceptance, and refuse to agree with you as to what legal rights either this Otis Elevator Company or the defendant Hotel Randolph Company and George L. Mong may have; but we are willing to and will abide by the law in regard thereto. If you do not wish us to go ahead with this suit, if you will so advise us, we will withdraw; otherwise we intend to go ahead with the defense.''

When the case was called for trial, a colloquy took place between the attorney for the Hotel Randolph Company and the attorney for the Otis Elevator Company, in which the various notices referred to were recited. The attorney for the Hotel Randolph Company stated that he again called the attention of the Otis Elevator Company to the fact that the notice to defend was based on and inseparable from a claim of right to be indemnified, and that the Hotel Randolph Company refused to acquiesce in any conditions in accepting the defense. He said:

''You may defend the suit or not, in accordance with the terms of said notice, and in accord with your own judgment.''

The Otis Elevator Company attorneys recited the notices, their conferences, and preparation to defend, and stated:

''We are willing to stand on the record, and assume any liability that the law imposes upon us; but, as the representatives of the Otis Elevator Company, and coming in to defend, we cannot agree to assume any liability which the law does not

impose upon the Otis Elevator Company. We ask now of the personal counsel for Mong and Hotel Randolph Company whether they desire us to go ahead and try this case or not.''

To this the attorney for the Hotel Randolph Company replied:

''I am not asking you to agree to the assumption of any liability. I am only insisting upon the right of your acceptance or rejection of the defense of this suit on the basis of the terms of the notice * * * The right to be indemnified is claimed, and because of that fact, the opportunity is given you to defend. You may accept it or reject it, as your judgment dictates.''

The attorneys for the Otis Company stated:

''We are here to try this lawsuit if you want it tried by us, and if you do not, if you will say so, we will get out. We do not have to assume any liability that the law does not impose * * * we assume all liability that the law imposes, and nothing else. * * * If you want us in here, we will stay. If you don't want us in, we will get out.''

''Mr. Evans: 'It is not for us to decide. * * * The question * * * is a question for you, to decide on the terms of notices * * *.' ''

The reply of the Otis Elevator Company's attorneys was:

''The record may show that we assume the defense under the law as to any liability that the law imposes, and no more.''

Thereupon the case went to trial, and the defense was conducted by the attorneys for the Otis Elevator Company.

The evidence showed that the Otis Elevator Company made the original installation, and formerly had a service contract with the Hotel Randolph Company; that the Otis Elevator Company had furnished and installed repairs and replacements, as to some of which negligence was assigned and found, as late as a week before the accident. The Otis Elevator Company called a large number of witnesses, most of them Otis Elevator Company employees, whose testimony was directed largely to the establishment of the claim that the accident was the result of the act of the chief clerk of the hotel in replacing the circuit breaker when the car containing the plaintiff was stalled, thereby closing the circuit, sending the car to the top of the shaft, in collision with the overhead beam, and causing the lift cable to break and the car to fall; and also of the act of the Hotel Randolph Com-

pany's engineer in causing the safety-brake cable to become tangled and fouled. The Hotel Randolph Company in open court protested against this line of evidence, as well as against the conduct of the defense in other matters. Counsel stated that the method of defense adopted would be urged as further grounds of estoppel against the Otis Elevator Company from denying its liability to make indemnity. The Otis Elevator Company's attorneys stated that their purpose was not to prejudice the Hotel Randolph Company, but to put the facts in evidence and to show that the clerk was acting outside the scope of his employment and that the engineer acted inadvertently, and therefore the Hotel Randolph Company was not liable. It had been proved and not denied that the chief clerk was next to the manager in command, and in the manager's absence was manager. The Otis Elevator Company attorneys reiterated that that company did not assume any liability except such as was imposed by law, and asserted that the defense was being made in good faith, and that, if the Hotel Randolph Company desired, they would withdraw. They were not requested to withdraw, and did not do so. During one of these discussions the Hotel Randolph Company asked that the Otis Elevator Company be made a defendant. The Otis Elevator Company objected to counsel's "coming in and representing the Hotel Randolph Company, for the reason that the defense of the suit has been turned over to us * * * We assumed the burden of this suit." This request was denied.

In a conference before trial, the Hotel Randolph Company's attorney had expressed his opposition to the theory that the Hotel Randolph Company would not be liable for the act of its chief clerk, as untenable.

The testimony of the Otis Elevator Company employees was also directed to the refutation of the charges of negligence in planning, construction, and replacements.

The Otis Elevator Company's attorneys requested the submission of special interrogatories as to whether the clerk was acting within the scope of his employment, and whether his putting in the circuit breaker was the proximate cause of the accident. The Hotel Randolph Company's attorney objected, and objected also to instructions asked by the Otis Elevator Company's attorneys. The court did not submit the special interrog-

atories requested, but submitted others covering them and covering all the specifications of negligence. After the closing argument by the Otis Elevator Company, the attorney for the Hotel Randolph Company asked for the privilege of making an argument in behalf of his client on the special interrogatories. To this the Otis Elevator Company objected, stating that they did not argue against the Hotel Randolph Company. The court sustained the objection, expressing his recognition of the fact that the Otis Elevator Company had assumed, and through its attorneys was conducting, the defense.

The jury specially found all of the assignments of negligence to be sustained. The jury also found specially that the insufficient strength of the lifting cables, the fouling of the safety-brake cable, the absence of handle to the safety switch, the defective condition of the carbon contact piece, and the replacing of the circuit breaker constituted negligence, and were the proximate causes of the injury; that the engineer was the cause of the fouling; and that the clerk was acting within the scope of his employment in putting in the circuit breaker.

I. The Otis Elevator Company contends that there is no statutory authorization for such motions after judgment, nor for any appeal from the ruling on them. It filed below what it denominated a special appearance, setting up

2. APPEARANCE: special appearance: appearance by vouchee.

that it was not a party, and had not had its day in court. It also filed here such a special appearance and motion to dismiss. Motion for new trial was seasonably filed, and at the time of the hearing on it, the defendant was given leave to file the motions for judgment. When the motions were filed, the cause had not been finally disposed of, nor the parties dismissed. It is asserted in the abstract, and not specifically denied, that the motions were argued by the Otis Elevator Company on their merits in the court below. They are so argued here. The Otis Elevator Company's appearance to the motions cannot be held to be special. 4 Corpus Juris 1317. Under principles and authorities about to

3. APPEAL AND ERROR: decisions reviewable: order refusing judgment against vouchee.

be cited, we are of the opinion that the Otis Elevator Company was, in substance, a party to and bound by the proceedings in the action. We think that the procedure was proper, and that the ruling on the motions is here for disposition on the merits.

II.  In what we are about to say, we are not to be understood as in any wise criticising the conduct of the trial.  Counsel for both companies were confronted with a condition.  The difficulty anteceded their employment, and was not of their choosing. The lapse of time has not shown that they could or should in the interest of their clients have managed the trial any differently.  By the course pursued, the Otis Elevator Company has secured advantages that it would not otherwise have had.

The principal question argued is whether the Otis Elevator Company was in court or a party to any issue involving its liability.  It was in fact in court, though not in its own name.  In substance, it was a party.  It had its day in court upon every question litigated.  It had the right of appeal.  It was bound by the judgment, and cannot relitigate the questions determined by it.  *McNamee v. Moreland*, 26 Iowa 96; *Baxter, Reed & Co. v. Myers*, 85 Iowa 328; *Stoddard v. Thompson*, 31 Iowa 80; *Robbins v. Chicago City*, 4 Wall. (U. S.) 657; *Anderson v. Watt*, 138 U. S. 694; *Carney v. Superior Court*, 30 R. I. 276 (74 Atl. 1018); *Marr v. Hanna*, 30 Ky. (J. J. Marsh.) 643 (23 Am. Dec. 449); *Ashton v. City of Rochester*, 133 N. Y. 187 (30 N. E. 965); 3 Corpus Juris 623; *Montgomery v. Alden*, 133 Iowa 675; *Canal Const. Co. v. Woodbury County*, 146 Iowa 526; *Louisville & N. R. Co. v. Schmidt*, 177 U. S. 230; *Lamberton v. Dinsmore*, 75 N. H. 574 (78 Atl. 620); *Searchlight Horn Co. v. American Graphophone Co.*, 240 Fed. 745; *Sabine Hardwood Co. v. West Lbr. Co.*, 248 Fed. 123; 34 Corpus Juris 1006.  The only questions involving its liability upon which it has not been heard are whether it was under and had violated any duty to the plaintiff or any duty or obligation to the defendant rendering it liable directly or indirectly for the plaintiff's injuries, or whether it had any personal defense to a direct action by plaintiff or to an action by defendant for indemnity.  It was competent for the Otis Elevator Company to bar itself from the right to be heard contentiously on those questions.  We are of the opinion that it has so barred itself.  The Otis Elevator Company openly, to the knowledge of the plaintiff, took exclusive charge of the defense, and was in substance a party, in pursuance of the defendant's demand.  It was recognized by the court as in control of the defense to the charges of negligence.  Those charges directly affected the Otis Elevator Company.  The Otis Elevator Company

was there through defendant's notice to it that it would be held responsible for the result of the action. By the Otis Elevator Company's procurement, the Hotel Randolph Company was prevented from being heard through its own counsel upon a question that was vital to the Hotel Randolph Company's liability to plaintiff and its right to indemnity from the Otis Elevator Company. The determination of that question in conformity with the evidence which the Otis Elevator Company introduced, acquiesced in by the plaintiff, with the additional finding of the authority of the clerk, is here attempted to be made use of by the Otis Elevator Company, as establishing the negligence of the Hotel Randolph Company and its status as a joint tort-feasor, and therefore as refuting the Hotel Randolph Company's right to indemnity. The Otis Elevator Company adopted this line of defense in the name of the Hotel Randolph Company, and while ostensibly defending it. In argument here, the Otis Elevator Company claims that each of the proximate causes of the accident, as found by the jury, was the negligence of the Hotel Randolph Company. It says that the weakness of the hoisting cables resulted from their having been in use four years, rather than from insufficiency when designed and installed, and that this weakness was the fault of the Hotel Randolph Company. The cables were iron, instead of steel. The Otis Elevator Company's chief executive engineer testified that the cable under the strain of the motor against the beams would have been broken if new, but not if they had been made of steel, and gave reasons (justifying the contract) why iron, instead of steel, cables were installed. While ostensibly in the service of the Hotel Randolph Company, the Otis Elevator Company was in fact (at least concurrently) serving its own interest, not only in the respects referred to, but also because a judgment in favor of the Hotel Randolph Company would have made res adjudicata in the Federal court action against the Otis Elevator Company the charges of negligence tried. Idem; Brown v. Wabash R. Co. (Mo. App.), 281 S. W. 64; Hill v. Bain, 15 R. I. 75 (23 Atl. 44, 2 Am. St. 873); Portland Gold Min. Co. v. Stratton's Ind., 85 C. C. A. 393 (158 Fed. 63, 66, 16 L. R. A. [N. S.] 677).

By the notice to defend, the Otis Elevator Company was confronted with the possibility of serious consequences to itself. All questions litigated would have been res adjudicata between

it and the Hotel Randolph Company, even though it had not undertaken the defense. (Cases above.) The charge of negligence and the defects alleged to exist were of such character that, depending upon facts within the knowledge of the Otis Elevator Company, the Otis Elevator Company might be held either directly to the plaintiff, or by way of indemnity to the defendant. *Berg v. Otis Elev. Co.,* 64 Utah 518 (231 Pac. 832) ; *Wanamaker v. Otis Elev. Co.,* 228 N. Y. 192 (126 N. E. 718) ; *MacPherson v. Buick Motor Co.,* 217 N. Y. 382 (111 N. E. 1050) ; *Johnson v. Cadillac Motor Car Co.,* 261 Fed. 878; *Dayton Power & Light Co. v. Westinghouse Elec. & Mfg. Co.,* 287 Fed. 439; *Travelers' Ins. Co. v. Great Lakes Eng. Works Co.,* 107 C. C. A. 20 (184 Fed. 426). Even though the defendant was negligent in the performance of its duties to the plaintiff, and as to the plaintiff the Hotel Randolph Company and the Otis Elevator Company might be joint tort-feasors, the Otis Elevator Company night, nevertheless, as between it and the Hotel Randolph Company, have been primarily liable, and the Hotel Randolph Company's negligence might have been secondary to and resulting from that of the Otis Elevator Company, and the Otis Elevator Company therefore liable over to the Hotel Randolph Company for any amount which the Hotel Randolph Company might recover. *Washington Gas Light Co. v. District of Columbia,* 161 U. S. 316; *Pfarr v. Standard Oil Co.,* 165 Iowa 657. In a subsequent action by the Hotel Randolph Company against the Otis Elevator Company, the record in this action, including the evidence, might be introduced; and it might have been such as to conclusively establish and operate as *res adjudicata* of the existence and breach of the primary duty of the Otis Elevator Company. For instance, the record on the charge of negligence in the installation of the lifting cables might have been such as to conclusively establish the primary negligence of the Otis Elevator Company and make it liable as matter of law in the later litigation. *Washington Gas Light Co. v. District of Columbia,* 161 U. S. 316. On the other hand, the record might be so made as not to show a determination of that issue, and to leave it open for future litigation. *Pfarr v. Standard Oil Co.,* 165 Iowa 657. The evidence shows that before the accident the elevator had been stalling, and that the Otis Elevator Company had been consulted about it. The evidence shows also that the Otis Ele-

vator Company was notified of the accident on its occurrence, and investigated it immediately. The management of the defense in the name of the Hotel Randolph Company might be an advantage. The control of the defense in substance was tendered to the Otis Elevator Company on the condition that by accepting it the Otis Elevator Company would acknowledge the duty to indemnify and assume the responsibility for the result of its management. The interests of the Otis Elevator Company on the question of primary liability were inconsistent with those of the Hotel Randolph Company. It was for the Otis Elevator Company then to take into account these various considerations and make its election whether to assume the defense. In assuming to act for the Hotel Randolph Company, the Otis Elevator Company could not, on well settled principles, act in its own interests, to the prejudice of the Hotel Randolph Company. The disclaimer in the original acceptance might have been interpreted to be merely a disclaimer of negligence. The Otis Elevator Company did say that it assumed any liability that the law imposed. While it offered to withdraw, the choice of continuing the defense or withdrawing was left with the Otis Elevator Company. The Hotel Randolph Company wanted it to defend, but on the condition proposed. The Otis Elevator Company elected to defend. It thereby accepted the terms and conditions imposed. It is concluded by its election so made. Its attempted reservation of the right to pursue an inconsistent course later is of no avail to it. *Clausen v. Head,* 110 Wis. 405 (85 N. W. 1028, 84 Am. St. 933) ; *Commercial Bank v. Central Nat. Bank* (Mo. App.), 203 S. W. 662; *People ex rel. Bliss v. Board of Supervisors,* 15 N. Y. Supp. 748.

On the plainest principles, the Otis Elevator Company ought not to be permitted to accept the proffered defense and use it as a weapon of offense against the Hotel Randolph Company. The Otis Elevator Company ought not to be permitted in the same litigation to take antagonistic positions, as its own interests may dictate, to the detriment of the Hotel Randolph Company. *City of Sioux City v. Chicago & N. W. R. Co.,* 129 Iowa 694, 702; *Wapello St. Sav. Bank v. Colton,* 143 Iowa 359, 366.

We are of the opinion that, on the record before us, the

Otis Elevator Company is concluded from disputing its primary liability for the amount of the plaintiff's recovery.

III.   May the judgment be entered against the Otis Elevator Company in this action, or must the parties be remitted to their separate actions?   The liability of the Otis Elevator Company is conclusively shown, not by extraneous evidence, but by the record in the action.   In everything except in not being nominally such, the Otis Elevator Company is a party.   The object of making one a party to a legal proceeding is to enable him to be heard in the assertion of his rights, and, if he fails to set them up, to conclude him from again litigating them.   *Wright v. Dunning,* 46 Ill. 271 (92 Am. Dec. 257) ; 20 Ruling Case Law 66. Appearance may be by taking part by attorney in the trial of the case.   Section 3541, Supplement to the Code, 1913.   In substance, the Otis Elevator Company is a party to the litigation. It has appeared, and has been fully heard.   It is concluded, and is now in court by name.   The law is not a worshiper of formalities.   It looks rather to the substance.   *Chicago, R. I. & P. R. Co. v. Schendel,* 270 U. S. 611 (70 L. Ed. 757) ; *Independent Wireless Tel. Co. v. Radio Corp. of Am.,* 269 U. S. 459 (70 L. Ed. 357).   It is not its policy to turn a litigant out of one door merely that he may re-enter at another, nor to turn him out that he may enter another court to procure the complete relief to which he is entitled, and which the court of inception has jurisdiction to grant.   *Lenderink v. Sawyer,* 92 Neb. 587 (138 N. W. 744) ; *Fisher v. Milwaukee Elec. R. & L. Co.,* 173 Wis. 57 (180 N. W. 269) ; and cases cited in 15 Corpus Juris 811, 812.   It is the policy of the courts to determine the whole controversy.   A formal issue between the Otis Elevator Company and the Hotel Randolph Company is not necessarily a prerequisite to the Otis Elevator Company's being bound, as between it and the Hotel Randolph Company.   *City of Sioux City v. Chicago & N. W. R. Co.,* 129 Iowa 694, 702; *Washington Gas Light Co. v. District of Columbia,* 161 U. S. 316.

The basic principle of the doctrine of *res adjudicata* is that there should be an end to litigation, and that one who has had a full and fair hearing ought not to be permitted to again draw into controversy the same questions between the parties interested, even in the absence of technical privity.   See *Taylor v.*

*(margin note beside second paragraph:)* 4. PRINCIPAL AND SURETY: remedies of creditors: judgment against vouchee.

*Sartorious,* 130 Mo. App. 23 (108 S. W. 1089); *Portland Gold Min. Co. v. Stratton's Ind.,* 85 C. C. A. 393 (158 Fed. 63); *Williford v. Kansas City, M. & B. R. Co.,* 154 Fed. 514. The motions in effect are that the sentence of the law upon the ultimate facts shown by the record be formally pronounced, as among all the real parties to the record. Under analogous circumstances, the entry of formal judgment against one similarly concluded has been made in the original litigation. *Schroeder v. Hotel Commercial Co.,* 84 Wash. 685 (147 Pac. 417); *Spokane Merch. Assn. v. Clere Clothing Co.,* 84 Wash. 616 (147 Pac. 414); *Lessert v. Krebs,* 108 Kan. 752 (196 Pac. 1070); *Boehmke v. Northern Ohio Traction Co.,* 88 Ohio St. 156 (102 N. E. 700); 34 Corpus Juris 238; *Crane v. Cameron,* 71 Kan. 880 (81 Pac. 480); *St. Louis & S. F. R. Co. v. Ledbetter,* 83 Okla. 78 (200 Pac. 701); *Dicks Press Guard Mfg. Co. v. Bowen,* 229 Fed. 193; *Schmidt v. Louisville, C. & L. R. Co.,* 99 Ky. 143 (35 S. W. 135, 36 S. W. 168); *Eagle Mfg. Co. v. Miller,* 41 Fed. 351, 357. The rendition of such a judgment is not a denial of due process. *Louisville & N. R. Co. v. Schmidt,* 177 U. S. 230 (44 L. Ed. 747). *Citizens' Nat. Bank v. City Nat. Bank,* 111 Iowa 211, is not inconsistent with our present holding.

We are of the opinion that, on the plaintiff's motion, judgment should have been entered on the verdict against the Otis Elevator Company. By Section 3779, Code of 1897, a judgment against principal and surety shall recite the order of their liability, and the term "surety" includes "all persons whose liability on the claim is posterior to that of another." We are of the opinion that the case is within this section, and that the liability should be declared to be primarily that of the Otis Elevator Company.

Since this case was submitted, our attention has been called to the case of *Hoskins v. Otis Elev. Co.* (C. C. A. 8th Circuit), 16 Fed. (2d Series) 220. The hotel company was not a party to that case,—the questions presented there were questions between the plaintiff and the elevator company only. The questions which we have discussed were not in that case, and the questions discussed there are not the questions discussed here. It is manifest that that opinion cannot affect the legal propositions which

have been argued in this court and disposed of in the foregoing opinion.—*Reversed.*

. STEVENS, VERMILION, and ALBERT, JJ., concur.

DE GRAFF, C. J., and EVANS, J., not participating.