No. 44,362

Kansas Physicians' Service, a Corporation, and Kansas Hospital Service Association, Inc., a Corporation (more commonly known as Kansas Blue Cross, Blue Shield, *Appellants*, v. The Employers Liability Assurance Corp., Ltd., a Corporation, *Appellee*.

(409 P. 2d 991)

Opinion filed January 22, 1966.

*Arthur E. Palmer*, of Topeka, argued the cause, and *Lester M. Goodell, Marlin S. Casey, Ernest J. Rice, Murray F. Hardesty, Glenn D. Cogswell, Gerald D. Goodell, Wayne T. Stratton, Robert E. Edmonds* and *Thomas E. Wright*, of Topeka, were with him on the brief for the appellants.

*Herbert A. Marshall*, of Topeka, argued the cause, and *Doral H. Hawks, E. Gene McKinney*, and *Wayne E. Hundley*, of Topeka, were with him on the brief for the appellee.

The opinion of the court was delivered by

Kaul, J.: The plaintiffs-appellants, hereafter referred to as plaintiffs, commenced this action on an award of the examiner for the Workmen's Compensation Director modifying a judgment of the District Court of Cherokee County. The judgment awarded compensation to claimant John Jenkins from defendant-appellee, hereafter referred to as defendant. Included in the award was an order directing reimbursement of sums totaling $997.50 previously paid by plaintiffs to persons furnishing medical and hospital services to claimant.

The facts are not in dispute.

On October 9, 1963, the District Court of Cherokee County entered judgment against Cherokee County, the employer, and its workmen's compensation carrier, defendant herein, awarding compensation to claimant and directing reimbursement of plaintiffs.

On November 7, 1963, on the joint application of the parties, the examiner for the Workmen's Compensation Director at Pittsburg approved a settlement modifying the award. The portion of the examiner's award pertinent to our consideration is as follows:

"AWARD

"The Examiner, after hearing the evidence offered by the parties, and otherwise being advised, finds that the settlement should be approved and an order in conformity therewith made.

"IT IS THEREFORE ORDERED that the award of the District Court of Cherokee County, Kansas, entered October 9, 1963, be modified as follows: That in lieu of payments therein provided, respondent and carrier pay to claimant the sum of $7,500.00; that they further pay the Newman-Young Clinic the remainder of the bill for professional service given this claimant by them in the sum of $203.50, and that they also assume the responsibility for reimbursing the Blue Cross and Blue Shield for monies expended by that concern in the payment of the bill of Mercy Hospital in the sum of $598.00, and the sum of $299.50 to the Newman-Young Clinic."

It is admitted that defendant paid the award of claimant but has not paid plaintiffs.

Plaintiffs filed a petition in the instant action in the district court of Shawnee County on December 28, 1964. The facts as related herein were alleged in the petition and in addition plaintiffs stated that a demand was made of defendant pursuant to K. S. A. 44-512a and defendant has not complied. Plaintiffs prayed for judgment in the amount of the award with interest at 6% per annum from November 7, 1963, and for reasonable attorney fees. Defendant filed an answer in the nature of a general denial and also alleged that payments made by plaintiffs on behalf of claimant were made voluntarily.

Plaintiff next filed a motion for summary judgment supported by an affidavit of an officer of the Blue Cross, Blue Shield. The affidavit was not controverted by defendants. Portions material for consideration herein are as follows:

"2. Said corporations paid Mercy Hospital and the Newman-Young Clinic (Dr. Irby) in August and September in 1961, pursuant to contracts providing such benefits to John Jenkins. The said corporations, their officers, agents and employees, had no knowledge at the time such payments were made that the said John Jenkins had a claim pending under the Kansas Workmen's Compensation Act or that he was eligible for Workmen's Compensation benefits providing for full or partial payment of the said bills incurred at said Hospital and Clinic.

"3. The contract issued by said corporations providing coverage for John Jenkins provides in Article IV thereof:

" 'D. No payment will be made for services or benefits for which the member would be eligible for full or partial payment under Workmen's Compensation or other public laws.' "

The plaintiffs' motion for summary judgment was overruled and a later motion for summary judgment filed by defendant was sustained by the trial court without a written opinion. The plaintiffs duly perfected an appeal from both rulings.

Plaintiffs contend the trial court erred in sustaining defendant's motion for summary judgment on the grounds that plaintiffs did not have a judgment on which they could sue.

Defendant supports its position by the admittedly "legalistic" argument that since plaintiffs were not parties to the original Workmen's compensation case they are not entitled to judgment on the award.

It appears that the award to plaintiffs was made by the trial court pursuant to K. S. A. 44-510 (1). This section establishes the duty of the employer to provide the services of a physician and such medical and hospital treatment as may be reasonably necessary to cure and relieve the workman from the effects of the injury. The respondent's liability to claimant is that of the employer and is based upon the contract of employment which includes the provisions of the act. (*Workman v. Kansas City Bridge Co.*, 144 Kan. 139, 58 P. 2d 90; *Johnson v. Skelly Oil Co.*, 180 Kan. 275, 303 P. 2d 172.) The duty of defendant as respondent's insurance carrier in this case to pay for the medical and hospital expense of claimant is clear and unequivocal. It must be conceded that an award to Mercy Hospital and Newman-Young Clinic could have been made for the total amount of their services furnished claimant.

The plaintiffs, of course, furnished no medical service themselves but merely paid for services furnished by others pursuant to their contract with claimant Jenkins. The plaintiffs were substituted by the court for Mercy Hospital and the Newman-Young Clinic who had furnished hospital and medical services for claimant. Upon such substitution by the court plaintiffs became parties in the case. There was no objection by defendant to such substitution by the trial court nor appeal taken from that judgment. Defendants not only failed to object to the substitution by the district court but jointly with claimant initiated an application to the examiner to approve a settlement modifying the court's award and then acquiesced in the settlement award by paying claimant the agreed total amount.

The inconsistent position as to the award taken by defendant in this case cannot be maintained. It is well established in this jurisdiction that a party who has complied with a judgment, either partially or in toto, acquiesces in that judgment and is estopped to attack it. (See *Hermesch v. Haverkamp*, 191 Kan. 365, 381 P. 2d 360, and cases cited therein.)

After failing to object to the substitution of plaintiffs and then acquiescing in the settlement award by paying the agreed sum to claimant, defendants are not now in a position to successfully attack the award in an independent action brought to enforce it.

The general rule is stated in 58 Am. Jur., Workmen's Compensation § 493, as follows:

"The adjudications and awards of compensation boards or commissions, as well as the judgments of courts, in proceedings for the recovery of compensation, are generally held to be conclusive upon the parties and their privies, as to the matters and issues involved or justiciable therein, so as to preclude, under the doctrine of res judicata, the relitigation thereof in subsequent proceedings. . . .

"In order to bring an administrative determination within the operation of the rule of res judicata, it must, as in other cases, be final and enforceable. Also, to be conclusive, a decision of a compensation tribunal must be within its jurisdiction."

We have no quarrel with authorities cited by defendants stating the general rule to be that a judgment may not be rendered in favor of or against a person who is not made a party to the action, although it is not without exception in this jurisdiction. (See *Lessert v. Krebs*, 108 Kan. 752, 196 Pac. 1070.) The rule is not applicable here were plaintiffs were substituted as parties in the award with the compliance and later the acquiescence of defendant.

Under the views expressed herein it would serve no useful purpose to lengthen this opinion by further discussion of points raised by the defendant.

There appearing no dispute as to any material fact the matter may be disposed of by summary judgment. (See *Hartman v. Stumbo*, 195 Kan. 634, 408 P. 2d 693.)

The judgment is reversed with directions to enter judgment for plaintiffs.

FATZER, J., concurs in the result.