DICKS PRESS GUARD MFG. CO. et al. v. BOWEN.

(District Court, N. D. New York. January 22, 1916.)

1. PATENTS ⬌291—SUITS FOR INFRINGEMENT—PARTIES—APPEARANCE.

Judicial Code (Act March 3, 1911, c. 231) § 48, 36 Stat. 1100 (Comp. St. 1913, § 1030), provides that in suits for infringement of patents the District Court shall have jurisdiction in the district of which the defendant is an inhabitant, or in any district in which it shall have committed acts of infringement and have an established place of business. Section 50 (section 1032) provides that when there are several defendants, and one or more of them are neither inhabitants of nor found within the district and do not voluntarily appear, the court may proceed with the suit as between the parties properly before it. Complainant brought a patent infringement suit in New York against a user of an alleged infringing device manufactured by the G. Co., a Wisconsin corporation. Before suit the papers were submitted to the G. Co., and it wrote complainant that they wanted to be heard upon the subject of infringement and that, if complainant would send them a copy of its bill, they would have their attorneys appear at the injunction hearing. Wisconsin attorneys also wrote complainant's attorney, that they were instructed by the G. Co. to appear and attend the hearing on the motion for an injunction. A preliminary injunction was granted, and affirmed on appeal. The G. Co. assumed the defense, and as to the appeal the Wisconsin attorneys wrote complainant's attorney that their firm would argue the case, that no copies of complainant's brief need be sent to local attorneys who had appeared for defendant, and one of such local solicitors entered his appearance in the Circuit Court of Appeals. A motion for rehearing was made in the Circuit Court of Appeals, and the Wisconsin attorneys sent a copy of the petition to complainant's attorney. *Held*, that the G. Co.'s voluntary appearance on the hearing and on the appeal, and its open and avowed assumption of the defense, authorized it to be made a party to the record, though it could not have been sued originally in New York.

[Ed. Note.—For other cases, see Patents, Dec. Dig. ⬌291.]

2. PATENTS ⬌302—PRELIMINARY INJUNCTION—PERSONS BOUND.

The G. Co., having appeared and openly and avowedly assumed and conducted the defense, was bound by the order granting the preliminary injunction, which was final during the pendency of the suit.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 471; Dec. Dig. ⬌302.]

In Equity. Suit by the Dicks Press Guard Manufacturing Company and another against George W. Bowen, doing business as the Bowen

Manufacturing Company. On motion by complainant to have the Geuder, Paeschke & Frey Company made a party defendant. Motion granted.

This is a motion by the complainant above named to have the Geuder, Paeschke & Frey Company, a corporation of the state of Wisconsin, doing business at Milwaukee, Wis., declared a party defendant and made a party defendant on the record in the above-entitled action, and subject to the jurisdiction of this court therein, on the grounds that it has in fact and legal effect in writing consented to such action, made itself an actual party by consenting in writing to be treated as a party defendant, by appearing and actually and openly and avowedly assuming and conducting the defense thereof in this jurisdiction thus far in all proceedings had in the cause, which consist of bringing the action, a motion in court by complainant for an injunction pendente lite, the hearing of same, the granting of such an order and entry thereof, and an appeal from same to the Circuit Court of Appeals, the argument of such appeal in that court, the affirmance of such order and the filing of the remittitur in this court, and in all of which proceedings the said Geuder, Paeschke & Frey Company appeared and took part by its duly authorized attorneys, Arthur E. Parsons and Parsons & Bodell, of Syracuse, N. Y., said company, through said attorneys and Flanders, Bottum, Fawsett & Bottum, actually conducting the defense of such motion, and also such appeal to and in the Circuit Court of Appeals. Service of this motion was made upon Arthur E. Parsons and Parsons & Bodell, the New York solicitors of said Geuder, Paeschke & Frey Company, employed by Flanders, Bottum, Fawsett & Bottum, its Wisconsin solicitors, and no one appears to oppose the motion.

Frederick P. Randolph, of New York City, for complainant.

Arthur E. Parsons and Parsons & Bodell, all of Syracuse, N. Y., for defendants, but not appearing on this motion.

RAY, District Judge (after stating the facts as above). [1] So far as I am aware this is a novel application, but in the absence of opposition and opposition here I see no reason why the motion should not be granted. December 30, 1914, the said Geuder, Paeschke & Frey Company wrote the president of the complainant, Dicks Press Guard Manufacturing Company, as follows:

"Mr. Max H. Fischer c/o Dicks Press Guard Mfg. Co., 41 Park Row, New York City—Dear Mr. Fischer: I thank you very much for the papers submitted to me, and I have had the matter gone over by my attorney since his return. You kindly gave me until January 2d for consideration, but, having made up our mind, we hasten to return the papers to you. We think that we ought not to be considered to be infringers of your patent, and, feeling that way, we want to be heard by the court upon the subject. If you will, therefore, file your bill and send us or our attorneys a copy of the same after it is filed, together with the order to show cause after it is issued by the court, we will have our attorneys appear in the action and take up the motion for an injunction before the court. Our attorneys will, under our instructions, do this as soon as it is practicable for them to prepare our answering affidavits, which are in hand, and arrange for an appearance before the court. We understand from you that the date of this appearance will be made reasonable for both parties, which, as far as our side is concerned, we engage. Our attorneys are Messrs. Flanders, Bottum, Fawsett & Bottum, Pabst Building, Milwaukee, Wisconsin, and we inclose their card. Kindly acknowledge receipt.

"Very truly yours    Chas. A. Paeschke."

The same day, December 30, 1914, Messrs. Flanders, Bottum, Fawsett & Bottum wrote Mr. Randolph, the complainant's attorney, as follows:

"Mr. Frederick P. Randolph, No. 41 Park Row, New York City—Dear Sir: We have lately had submitted to us a proposed bill of complaint, order to show

cause, and accompanying affidavits in the matter between the Dicks Press Guard Manufacturing Company and M. H. Fischer v. George W. Bowen. If you will send us a copy of this bill and accompanying affidavits and order to show cause as soon as the papers are filed and a proper date fixed, we are instructed by our clients, Messrs. Geuder, Paeschke & Frey Company, of this city, to appear for the defendant and attend the hearing upon your motion for an injunction. Your draft of the order to show cause did not indicate the place of hearing nor the time. We are not strenuous about service of the notice. You can serve the papers upon us by mail and we will admit service, but it will be necessary for us to have a reasonable time to get our affidavits in shape after notice of the time and place of hearing. We would think ten days would be amply sufficient for this purpose. As we understand it, this is a contest with friendly disposition on both sides, but with radical difference upon the question of infringement in the views of the parties. We expect to conduct our side of this contest with entire courtesy towards you.

"Very truly yours,   Flanders, Bottum, Fawsett & Bottum."

The defendant is a user of the alleged infringing device. Geuder, Paeschke & Frey Company is the maker. January 8, 1915, the complainants here filed their bill in equity to restrain alleged infringement of the patent referred to, and made a motion in this court for a preliminary injunction, which was granted. An appeal to the Circuit Court of Appeals was taken, and October 23, 1915, Messrs. Flanders, Bottum, Fawsett & Bottum wrote complainants' attorney as follows:

"Frederick P. Randolph, Esq., 41 Park Row, New York City, New York— Dear Sir: We acknowledge the receipt of your letter of the 20th instant, acknowledging receipt of three copies of our printed brief for defendant-appellant in the Dicks Press Guard Mfg. Co. et al. v. Bowen case, and note that you will mail copies of your brief for plaintiffs-respondents to Parsons & Bodell. As the writer, Mr. Dennett, and our Mr. E. H. Bottum, will argue the case in the Court of Appeals, kindly send us copies of your brief, and you need send no copies to Parsons & Bodell. We are handling the case ourselves though we had to employ local solicitors under the rule in the Northern district, and had Mr. Parsons enter his appearance in the Court of Appeals at the time he was personally in New York and filed the record and docketed the case.

"Yours truly,   Flanders, Bottum, Fawsett & Bottum."

Thereafter such appeal was heard and the order granting the preliminary injunction was affirmed. A motion for reargument was made, and in reference thereto Messrs. Flanders, Bottum, Fawsett & Bottum wrote complainants' attorney as follows:

"Milwaukee, Wis., Jan. 6, 1916.
"Frederick P. Randolph, Esq., 41 Park Row, New York City, N. Y.—Dear Sir: We are sending you herewith a copy of defendant-appellant's petition for rehearing in the case of The Dicks Press Guard Manufacturing Company and Maximilian H. Fischer Complainants-Appellees, v. George W. Bowen, Doing Business under the Name of Bowen Manufacturing Company. We are also sending you three extra copies for your use under separate cover.

"Yours truly,   Flanders, Bottum, Fawsett & Bottum."

January 12, 1916, the motion for reargument was denied. On the hearing for preliminary injunction, the argument of the appeal, and motion for reargument the said Geuder, Paeschke & Frey Company was represented, and in fact conducted and controlled the defense. The question presented is: Can a corporation, alleged infringer and maker of the alleged infringing device, resident of another state, where it conducts its business, be made a formal party defendant on the record in a suit for infringement brought in this state, New York, when

it has voluntarily come into the case brought against a seller or user, or both, and, as here, openly and avowedly assumed and conducted the defense, and shown and declared its appearance by letters and the receipt of papers in the case. Such corporation could not have been sued in this state and district, as it is a nonresident and not within the jurisdiction. Sections 48 and 50, Judicial Code. But it could have come in voluntarily and accepted service, or it could have voluntarily appeared, had it been named as a party on the record, and by appearing would have waived the question of jurisdiction of the person and would have submitted itself to the jurisdiction of this court, even though a nonresident of the district and state. Section 50, Judicial Code.

[2] Is not this the effect of its voluntary appearance on the hearing and on the appeal, and its open and avowed assumption of the defense, coupled with the letters quoted? Having appeared and openly and avowedly assumed and conducted the defense thus far, it is bound by the order made, which is final during the pendency of the action. May not all this be evidenced by making the corporation a defendant on the record? And may not it be held to its appearance by now formally making it a party? It would seem plain that the court ought to know what parties, either complainant or defendant, are before it and entitled to be heard, and that the record itself should show this. One of the most vicious things connected with a litigation, either civil or criminal, is the operation of influences from and the recognition of interested persons not appearing as parties on the record. Those who are to be heard at all and recognized in bringing out and considering the merits of a controversy should be parties of record, and personal appearance by attorney and participation in the litigation ought to be treated as equivalent to a *formal* written appearance in the case. In Eagle Mfg. Co. v. Miller et al. (C. C.) 41 Fed. 351, it was held:

"On a bill to restrain the infringement of a patent, it appeared that the defendants were merely the agents of a corporation which manufactured the machine which it was alleged was an infringement of complainant's patent. Complainant filed an amendment to the original bill making such corporation a party defendant, but no subpoena was issued or served on the corporation, nor did it enter appearance or answer the bill. *Held*, that the decree should nevertheless run against such corporation, and be binding on it in all respects."

In Bidwell et al. v. Toledo Consol. St. R. Co. (C. C.) 72 Fed. 10, Judge Ricks held that a nonresident corporation could not be made a party defendant from the mere fact it had assumed and participated in the defense. But here the Geuder Paeschke & Frey Company not only has done this, but it promised *in writing* so to do and *in writing* named its attorneys, and then on the appeal these attorneys *wrote* to complainants' attorney:

"As the writer, Mr. Dennett [of Flanders, Bottum, Fawsett & Bottum], and our Mr. E. H. Bottum will argue the case in the Circuit Court of Appeals, kindly send us copies of your brief and you need send no copies to Parsons & Bodell. *We are handling the case ourselves, though we had to employ local solicitors under the rule* in the Northern district, and *had Mr. Parsons enter his appearance* in the Court of Appeals at the time he was personally in New York and filed the record and docketed the case."

Here we have an explicit acknowledgment in writing of authority in Mr. Parsons and of an appearance on the appeal and that the corporation filed the appeal. In the letter of January 6, 1916, we have a written acknowledgment that the attorneys for Geuder, Paeschke & Frey Company are moving and acting in the case. What is all this but an appearance in writing? Here we have much more than an active, open, and avowed assumption of the defense by mere acts. This is not a case where a nonresident corporation improperly served, etc., comes in for a special purpose, as to move to set aside informal or improper service, but a case where it voluntarily comes in to defend on the merits and for all purposes.

It seems to me that the Geuder, Paeschke & Frey Company has voluntarily appeared in this litigation within the meaning of the Judicial Code, and that it should be made a party on the record.

The motion is granted.