OCEAN ACCIDENT & GUARANTEE COR-
PORATION, LIMITED, v. FELGE-
MAKER et al. (two cases).

FELGEMAKER et al. INTER INS. EX-
CHANGE OF CHICAGO MOTOR CLUB
v. SAME (two cases).

Nos. 9680, 9681, 9718, 9719.

Circuit Court of Appeals, Sixth Circuit.

June 12, 1944.

See, also, 47 F.Supp. 660.

Clinton M. Horn, of Cleveland, Ohio (McKeehan, Merrick, Arter & Stewart and Clinton M. Horn, all of Cleveland, Ohio, on the brief), for appellant Ocean Accident & Guarantee Corp.

Joseph P. Brodie, of Chicago, Ill. (Joseph P. Brodie, of Chicago, Ill., and John H. & Harley J. McNeal, of Cleveland, Ohio, on the brief), for appellant Inter Ins. Exchange.

Parker Fulton, of Cleveland, Ohio (John J. Hynes, Robert M. Weh, and Parker Fulton, all of Cleveland, on the brief), for appellees.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

In these companion cases judgments were rendered against the insurance companies upon policies of liability insurance theretofore issued to Vernita Mason, defendant below. The actions arose out of an automobile accident which occurred November 7, 1940, in the Village of Westlake, Ohio.[1]

The plaintiffs, Jean U. Felgemaker and her husband, Joseph A. Felgemaker, were injured in a collision with an automobile operated by Mrs. Mason. Suits in the state court were removed to the federal court, and the plaintiffs recovered judgments of $2,000 and $10,000 respectively, upon which only $400 has been paid. Neither judgment having been satisfied after thirty days, and both judgments having become final, the plaintiffs each filed in the original action an amended and supplemental complaint praying for judgment against the insurance companies in accordance with Section 9510-4, General Code of Ohio.

The policy issued by Ocean Accident and Guarantee Corporation, Limited hereinafter called Ocean, was issued in compliance with the compulsory motor vehicle liability insurance act of the State of Massachusetts, of which state Mrs. Mason was a resident at the time the policy was issued. Massachusetts requires of its residents a coverage insuring all automobile operation on highways within the state. The policy issued also included an optional coverage insuring against liability for damages arising out of operation of the automobile in the United States and Canada.

Shortly prior to the accident Mrs. Mason moved from Massachusetts to Chicago, Illinois, and desiring to secure local automobile insurance, she wrote a letter on October 4, 1940, in which she returned her policy to Ocean's home office with the request that it be cancelled effective October 1, 1940. At about the same time Mrs. Mason took out a policy of liability insurance with Inter Insurance Exchange of the Chicago Motor Club, hereinafter called Inter Insurance, which was in force at the time of the accident. This policy obligated Inter Insurance to pay on behalf of the insured all sums which the insured should become obligated to pay by reason of the liability imposed upon the insured by law, for damages because of bodily injury, death or property damage sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile described in the policy. The policy also included the following provision: "The Exchange, after rendition of final judgment against the Insured, shall be liable to the person entitled to recover for such death or for any such injury to the person or property when caused by the Insured, in the same manner and to the same extent that said Exchange is liable to the Insured." It also obligated Inter Insurance to defend in the name and on behalf of the insured any suit brought against the insured to enforce a claim, whether groundless or not, for damages alleged to have been suffered in such automobile accident. When the suits were filed the defense was assumed and conducted by the Cleveland attorneys of Inter Insurance, who exercised full control of the case.

The plaintiffs each filed a motion to subject Inter Insurance to the jurisdiction of the District Court under Rule 4 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and summons was served upon the company by a deputy marshal of the Northern District of Illinois, in

---

[1] Inasmuch as each of the insurance companies in these actions is both appellant and appellee, the parties will be designated plaintiffs and defendants as in the court below.

Chicago. Inter Insurance moved to quash the service of summons in each case, and these motions were granted on the ground that under Section 51 of the Judicial Code, Title 28 U.S.C., Section 112, 28 U.S.C.A. § 112, the material portion of which is given in the margin,[3] the District Court has no jurisdiction to issue process in this case beyond the limits of the district. However, the court held that it had jurisdiction on the ground that Inter Insurance had made a general appearance in the suits by actively defending the cases through its attorneys, and hence was required to answer the amended and supplemental complaints. After hearing and argument the court entered a judgment in favor of the plaintiffs against Inter Insurance in each case for its proportional share of the liability.

The sole defense of Ocean was that the policy issued by it under the provisions of the Massachusetts compulsory insurance law had been cancelled prior to the accident; but the court held that no effective cancellation of the policy had been made, and that hence Ocean was liable under the optional coverage for its share of the judgments.

As to Inter Insurance, we think that the judgment must be affirmed. Inter Insurance is a resident of Illinois and does no business in Ohio. While no jurisdiction was obtained by the attempted service and the court correctly sustained the motion to quash, it rightly held that Inter Insurance voluntarily subjected itself to the jurisdiction when it entered a general appearance by conducting the defense. Counsel for Inter Insurance at the hearing stated that it had no defense outside of the jurisdictional question, and the sole contention here is that jurisdiction of the person was not conferred because Inter Insurance conducted the defense not for itself, but for its insured. Concededly Inter Insurance took every action in the case which it could have taken if it had itself been the defendant, and in fact it exercised absolute and complete control over the proceedings. It had the right to cross-examine, to present testimony, and if it desired, to appeal. It also had a substantial interest in the controversy, for Inter Insurance had insured Mrs. Mason against any automobile accident occurring in North America or

the possessions of the United States, and was directly concerned, under the express provision of its policy, to prevent the rendition of a judgment against her which would create liability against itself. While ostensibly serving only its insured in the defense of the personal injury suits, it was in fact serving its own concurrent interest. The policy provided for control of the defense by Inter Insurance, not only because of the premium paid, but also because of the immediate importance to Inter Insurance of the outcome of cases arising thereunder. Under its agreement, after rendition of the final judgment against Mrs. Mason, it was liable to Jean U. Felgemaker and Joseph A. Felgemaker in the same manner and to the same extent that it was liable to the insured. Therefore when Inter Insurance conducted the defense, it was defending itself.

It has often been held that a person not technically a party to a judgment may be so directly connected with it by his interest in the result of the litigation and by his active participation in the suit as to be bound by the judgment. Inter Insurance contends that it is not a party to the case; but the term "parties" frequently connotes more than merely parties to the record of an action. Thus the doctrine of res judicata has been applied to persons who were not designated parties to the action, but had control of the prosecution or defense and exercised it in support of their own interest. Lovejoy v. Murray, 3 Wall. 1, 18 L.Ed. 129; City of New Orleans v. Gaines, 138 U.S. 595, 607, 11 S.Ct. 428, 34 L.Ed. 1102; Caterpillar Tractor Co. v. International Harvester Co., 3 Cir., 120 F.2d 82, 139 A.L.R. 1.

As a development of the same doctrine, it is also frequently held that a judgment may be rendered directly against one who although not a formal party in the case, has assumed or participated in the defense. Eagle Mfg. Co. v. Miller, C.C., 41 F. 351, opinion by Mr. Justice Shiras, reversed on other grounds, 151 U.S. 186, 14 S.Ct. 310, 38 L.Ed. 121; Dicks Press Guard Mfg. Co. v. Bowen, D.C., 229 F. 193; Hoskins v. Hotel Randolph Co., 203 Iowa 1152, 211 N.W. 423, 65 A.L.R. 1125; Crane v. Cameron, 71 Kan. 880, 81 P. 480, 87 P. 466;

---

3 "* * * and, except as provided in sections 113-118 of this title, no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant * * *."

Lessert v. Krebs, 108 Kan. 752, 196 P. 1070; Schmidt v. Louisville, Cincinnati & Lexington Ry. Co., 99 Ky. 143, 35 S.W. 135, 36 S.W. 168; Independent Elevators v. Davis, 116 Neb. 397, 217 N.W. 577; Schroeder v. Hotel Commercial Co., 84 Wash. 685, 147 P. 417; Boehmke v. Northern Ohio Traction Co., 88 Ohio St. 156, 102 N.E. 700; Limbaugh v. Western Ohio R. Co., 94 Ohio St. 12, 113 N.E. 687; Reinhart v. Great American Mutual Indemnity Co., 25 Ohio· N.P.,N.S., 331; Jewett v. Fenton Dry Cleaning & Dyeing Co., 30 O.D. 124.

The case of Bidwell **v.** Toledo Consolidated Street Ry. Co., C.C., 72 F. 10, is contra, but we think the better and more modern rule is declared in the above-cited cases. Since Inter Insurance entered its general appearance in a case in which it had a direct and substantial interest it became a party to the proceedings, and is liable, under the express provisions of the policy, to pay the judgment.

▮ The judgment against Ocean, however, must be reversed. Its policy was written in Massachusetts, and governed by Massachusetts law. In an unbroken line of decisions of that state it has been held that a policy of this sort, providing both for the compulsory statutory coverage and for optional extraterritorial coverage, is to be treated as though the two distinct kinds of insurance were embodied in separate policies. Cormier v. Hudson, 284 Mass. 231, 187 N.E. 625; Phillips v. Stone, 297 Mass. 341, 8 N.E.2d 890. The Massachusetts courts declare that the circumstance that both kinds of insurance are combined in one policy does not narrow, nor enlarge, nor change the rules of construction which would be applied to the different kinds of insurance if they had been embodied in separate policies. The District Court held that Ocean had not borne the burden of proving that the policy was effectively cancelled, and Ocean concedes that that branch of the policy having to do with coverage within the State of Massachusetts was not cancelled in accordance with the requirements of Massachusetts law. But this portion of the policy applies to accidents on the highways of Massachusetts while we are concerned only with the optional coverage provision of the policy which insures against accidents in the United States and Canada. The policy provided that this optional coverage could be cancelled upon written notice of either party stating the date not less that fifteen days thereafter when such cancellation should be effective, and this provision was valid. On October 4, 1940, Mrs. Mason sent such a written notice to Ocean's home office. She requested that the cancellation be effective October 1, 1940, and while this portion of the request was ineffective because it was not in accord with the period for notice set by the policy, it is proper to treat the notice as effective at the expiration of the period so designated. Cf. Commercial Standard Ins. Co. v. Garrett, 10 Cir., 70 F.2d 969; Seaboard Mutual Casualty Co. v. Profit, 4 Cir., 108 F.2d 597, 126 A.L.R. 1105. This period expired prior to the accident, and the policy, as to all coverages except the Massachusetts compulsory coverage, was not in force upon that date.

The judgment as to Ocean is reversed.

The District Court correctly held that Inter Insurance was liable, but gave judgment only for a proportionate share of the liability because it held Ocean also liable. In view of our reversal as to Ocean, a judgment different in amount is required against Inter Insurance. The judgment against Inter Insurance is therefore set aside, and the case is remanded to the District Court for entry of another judgment against Inter Insurance, and for further proceedings in accordance with this opinion.