Frank R. REDMAN and Redman Process American Corporation, Plaintiffs,

v.

STEDMAN MANUFACTURING COMPANY, Defendant.

No. C-846-G.

United States District Court
M. D. North Carolina,
Greensboro Division.

Feb. 19, 1960.

**6**

McLendon, Brim, Holderness & Brooks, Greensboro, N. C., and Taylor, Scoll & Simon, New York City, for plaintiffs.

Welch Jordan, Greensboro, N. C., and Pennie, Edmonds, Morton, Barrows & Taylor, New York City, for defendant.

Herbert S. Falk, Greensboro, N. C., and Proskauer, Rose, Goetz & Mendelsohn, New York City, for Tubular Textile Machinery Corp., Eugene Cohn and Joseph Cohn.

STANLEY, District Judge.

This matter is before the court (1) on the petition of the plaintiffs, Frank R. Redman and Redman Process American Corporation (hereinafter sometimes referred to as "Redman"), for an order to show cause why the Tubular Textile Machinery Corporation (hereinafter sometimes referred to as "Tubular"), and its officers, Eugene Cohn and Joseph Cohn, should not be adjudged in civil contempt and punished for violation of a writ of injunction addressed to Tubular, and (2)

on a motion by Tubular, Eugene Cohn and Joseph Cohn for an order (a) vacating this court's judgment of September 23, 1957, insofar as that judgment names and enjoins Tubular as a defendant, (b) similarly vacating this court's decree on mandate, dated March 13, 1959, and writs of injunction issued against Tubular on March 16, 1959, and (c) quashing the show cause order for adjudication of civil contempt.

### Facts

On April 17, 1954, Redman, the owner of patents covering a device and method of preventing shrinkage in tubular knit fabrics, commenced this infringement action against Stedman Manufacturing Company (hereinafter sometimes referred to as "Stedman"). It was alleged that Stedman was using an infringing device known as a "tensionless calender," which had been manufactured and leased to it by Tubular.

Pursuant to its lease agreement with Stedman, Tubular openly assumed the complete defense of the action, both monetarily and by the selection of Stedman's attorneys. Tubular's defense of the action was open and avowed, and was known to Redman from the inception of the trial. Tubular was not served with process, and has never been made a "formal" party to the action. However, at the commencement of the trial, Stedman's attorneys, who had been selected and paid by Tubular, characterized Tubular as being the real party in interest.

The plaintiff, Redman Process American Corporation, is a Delaware corporation with its principal place of business in New York City. The plaintiff, Frank R. Redman, is a resident of Pennsylvania, but in his capacity as a director of the Redman Process American Corporation maintains an office in New York City. The defendant, Stedman Manufacturing Company, is a North Carolina corporation, and maintains its principal place of business within the jurisdiction of this court. Tubular Textile Machinery Corporation is a New York corporation and maintains its principal office in that state. Eugene Cohn is Tubular's vice-president and general manager, and Joseph Cohn is Tubular's secretary-treasurer. Both individuals live in New York City.

On September 23, 1957, this court found Redman's patents valid and infringed by Stedman's use of Tubular's tensionless calender. Redman v. Stedman Manufacturing Co., D.C.M.D.N.C. 1957, 154 F.Supp. 378. In his opinion, Judge Hayes observed that while Stedman was the named defendant and user of the accused device, Tubular was the manufacturer and owner and lessor and in charge of and conducted the defense and would be referred to in the opinion as the defendant. The judgment entered on September 23, 1957, provides, in pertinent parts, the following:

"1. That this Court has jurisdiction of this cause and of the parties hereto. Tubular Textile Machinery Corporation, Woodside, Long Island, New York, assumed the complete defense of this cause, both monetarily and by the selection of defendant's attorneys.

\* \* \* \* \* \*

"10. That Tubular Textile Machinery Corporation, its directors, officers, associates, agents, attorneys, confederates, and employees, and those in active concert or participation with them, who receive actual notice of this Judgment and Injunction, by personal service or otherwise, be and they are hereby perpetually restrained and enjoined from using, or causing to be used, or actively inducing, or aiding and abetting others to use, a Tube-Tex Tensionless Calender in the manner heretofore used by defendant in the reduction of shrinkage in tubular knit fabrics, and from in any other manner infringing upon claims 1, 2, 3, 4, 5, 6 and 7 of said Letters Patent No. 2,597,528 and claims 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12 and 13 of said Letters Patent No. 2,597,530, or any of them."

On May 20, 1957, Redman's attorneys sent to Stedman's attorneys (employed by Tubular) a copy of a proposed judgment embodying the substance of the above-quoted Paragraph 10 of the judgment later signed by the Court. Defense attorneys had opportunity to object to this provision from the date it was submitted to them until the entry of the judgment on September 23, 1957. No objection was made in the name of Stedman, nor did Tubular appear in its own name to contest the validity of this portion of the judgment. During this same period, and prior to the entry of the judgment, the defense attorneys submitted proposed findings of fact and conclusions of law which requested the court to find:

"2. Tubular Textile Machinery Corporation is bound by the Judgment herein."

After entry of the judgment, no application was made by defense counsel, either in the name of Stedman or in the name of Tubular, to amend the judgment by the elimination of Paragraph 10 thereof. Stedman appealed to the Court of Appeals from the judgment of this court, but no appeal was taken in the name of Tubular. In its brief before the Court of Appeals for the Fourth Circuit, the appellant raised no question concerning the validity of Paragraph 10 of the judgment, nor was any question raised on oral arguments before that court. The judgment of this court was affirmed by the Court of Appeals on July 17, 1958. Stedman Manufacturing Co. v. Redman, 4 Cir., 1958, 257 F.2d 867. Stedman, in its petition for rehearing before the Court of Appeals, for the first time raised a question concerning the validity of Paragraph 10 of the judgment. On September 17, 1958, the Court of Appeals denied the petition for rehearing.

Thereafter, Stedman filed a petition for a writ of certiorari in the Supreme Court of the United States. One of the principal contentions made in the petition was the invalidity of the portion of the judgment naming and enjoining Tubular as a defendant. The petition was denied on January 12, 1959. Stedman Manufacturing Co. v. Redman, 1958, 358 U.S. 928, 79 S.Ct. 314, 3 L.Ed. 2d 302. Upon the remand after affirmance, this court, on March 13, 1959, entered its decree on mandate, Paragraph 10 of which, like Paragraph 10 of the original judgment, enjoins Tubular as a defendant. On March 11, 1959, attorneys for Redman served upon the defense attorneys a copy of the proposed decree on mandate, and stated that the proposed decree would be submitted to the court for execution. No objection was made by defense attorneys to the provisions of the decree on mandate enjoining Tubular.

On March 16, 1959, this court issued writs of injunction directed against Tubular, embodying the injunction against said corporation as set forth in the judgment and decree on mandate. Said writs of injunction were duly served upon Tubular on March 19, 1959, by the United States Marshal for the Eastern District of New York.

On April 10, 1959, Tubular instituted a declaratory judgment action against Redman in the United States District Court for the Southern District of New York, and moved for a preliminary injunction restraining and enjoining Redman from attempting to enforce or otherwise take action upon the judgment, decree and injunctive writs issued by this court. Eugene Cohn and Joseph Cohn subsequently intervened as plaintiffs in said action and motion. The motion for preliminary injunction was denied on May 21, 1959. Tubular Textile Machinery Corp. v. Redman, D.C.S.D.N.Y. 1959, 173 F.Supp. 269. Following an expedited appeal from that order, the Court of Appeals for the Second Circuit, on June 22, 1959, affirmed the opinion of the district court. Tubular Textile Machinery Corp. v. Redman, 2 Cir., 1959, 267 F.2d 784.

In its complaint in the New York action, Tubular alleged that it then had leased 150 tensionless calenders to 79 customers in 19 states. The fact that some or all of the tensionless calenders

then leased by Tubular actually infringes upon Redman's patent is not controverted.

On April 20, 1959, this court, upon petition of Redman, directed an order to Tubular and Eugene Cohn and Joseph Cohn to appear before this court on May 22, 1959, and show cause why said corporation and individuals should not be adjudged in civil contempt of this court by reason of their violations of the writs of injunction addressed to and served upon them. Said respondents were further ordered to make answer to the allegations set forth in the petition and supporting affidavits not later than May 15, 1959. Redman's petition and affidavit, and the show cause order, were duly served upon Tubular and Eugene Cohn on April 22, 1959, and upon Joseph Cohn on April 23, 1959.

Neither Tubular nor Eugene Cohn nor Joseph Cohn have answered the allegations set forth in the petition for order to show cause, and the supporting affidavits, either on or before May 15, 1959, as required by the order of this court, or at any other time. Further, neither of said respondents have filed any response whatever to said petition and order, as required by the rules of this court, and neither have, by motion, pleading, or in any other way, denied any of the allegations of Redman's petition and supporting documents.

The hearing on the show cause order was continued from May 22, 1959, to May 29, 1959, and was later continued, by reason of the pendency of the New York action, for an additional 45 days. On July 2, 1959, after the decision of the Court of Appeals for the Second Circuit, this court entered an order fixing July 23, 1959, as the date for the hearing.

On July 9, 1959, Tubular and Eugene Cohn and Joseph Cohn filed with the court a motion seeking (1) to vacate and set aside the judgment of this court entered on September 23, 1957, and the decree on mandate entered on March 13, 1959, so far as these instruments named and enjoined Tubular, (2) to vacate and set aside the writs of injunction issued on March 16, 1959, directed to Tubular, and (3) to quash the order to show cause for adjudication of civil contempt entered in this court on April 20, 1959. This motion was noticed for hearing on July 23, 1959.

At the hearing, under the order to show cause in this court, on July 23, 1959, counsel representing Tubular and Eugene Cohn and Joseph Cohn appeared and submitted briefs and oral arguments in support of their motion filed on July 9, 1959. Neither Eugene Cohn nor Joseph Cohn appeared in this court at said hearing in their own proper person.

It is found that the tensionless calenders referred to in Tubular's New York action differ in no significant respect from the tensionless calender leased by Tubular to Stedman, and that some or all of said tensionless calenders infringe the patents owned by Redman. It is further found that since the service of the writs of injunction Tubular has continued to distribute, lease and service tensionless calenders which are designed to accomplish and are capable of accomplishing the reduction of shrinkage in tubular knit fabrics in a manner which infringes upon the claims in the Letters Patent described in said injunction.

The aforesaid decree on mandate entered by this court on March 13, 1959, referred this cause to a Special Master for the ascertainment of compensatory damages due plaintiffs by Stedman. These proceedings are still pending before the Special Master.

### Discussion

Tubular strongly urges that this court was powerless to proceed *in personam* against it when it had not been served with process and had made no appearance as a basis for *in personam* jurisdiction. Under these circumstances, Tubular asserts that it was not required to contest the validity of the original judgment and decree on mandate naming and enjoining it as a defendant, either in its own name or in the name of Stedman, or to respond to Redman's petition to show cause why it should not be ad-

judged in civil contempt for violating the writs of injunction addressed to it. In other words, Tubular contends that since the court acquired no *in personam* jurisdiction over it, any effort to name and enjoin it as a defendant was absolutely void, and that there can be no civil contempt adjudication predicated upon a void judgment; and that since no rights or duties can spring from a judgment that is utterly void for want of personal jurisdiction, neither action nor inaction on its part can breathe life into the judgment, and that Redman's effort to build upon the void judgment must be rejected. Tubular concedes, however, that the judgment is valid to the extent that Tubular will be bound in the sense that Redman may plead the final judgment of this court as *res adjudicata* in subsequent litigation where Tubular is a party.

Redman, on the other hand, takes the position that, under the facts here involved, the portions of the original judgment and the decree on mandate naming and enjoining Tubular, and the writs of injunction, are valid and binding on Tubular, and that it is entitled to an order of adjudication of civil contempt against Tubular and its officers, Eugene Cohn and Joseph Cohn. Redman further urges that, even if the naming of Tubular was improper, the motion of Tubular and Eugene Cohn and Joseph Cohn to vacate the portions of the original judgment and decree on mandate naming and enjoining Tubular, and writs of injunction, and to quash the show cause order for adjudication of civil contempt, should be denied for the reasons that (1) the motion fails to state with particularity the grounds therefor, (2) the motion is defective because not made within a reasonable time or with due diligence, (3) the motion is defective because Tubular failed to appeal from the provisions of the judgment affecting it, (4) the motion is defective because it was filed without the permission or consent of the Court of Appeals, and (5) the motion is barred by laches, negligence, contributory fault and failure to use due care. While there

would appear to be merit to some of these last contentions, a discussion of them is unnecessary in view of the conclusion that has been reached with respect to the validity of the provisions of the judgment affecting Tubular.

It has long been the practice of this court to issue injunctions against manufacturers who openly and avowedly defend patent infringement suits against dealers in the infringing article. In each instance, such injunctive provisions have either been unchallenged or approved by the Court of Appeals for this circuit.

In Davis Company v. Baker-Cammack Hosiery Mills, D.C.M.D.N.C.1949, 86 F. Supp. 180, it was held that 172 hosiery mills comprising the membership of the Hosiery Investigating Committee, which jointly retained defense counsel and conducted the defense, should be bound by the decree in all respects *the same as the named defendants*. The Court of Appeals, in Baker-Cammack Hosiery Mills v. Davis Company, 4 Cir., 1950, 181 F.2d 550, 573, in discussing this portion of the decree, stated:

> "*We are in agreement with the conclusion of the District Judge* that the proofs in this case negative the existence of any conspiracy on the part of the plaintiffs, its officers and its predecessors, to violate the antitrust statutes of the United States, and *that the patents are enforceable against the combined infringers represented by the Hosiery Investigating Committee in control of the defense of the suit.*" (Emphasis supplied.)

In Aghnides v. Meyer's Company, D.C. M.D.N.C.1954, 117 F.Supp. 839, 840, Judge Hayes held:

> "At the trial here, it was stipulated that the manufacturer would indemnify Meyer's for all costs, damages and counsel fees incurred in defense of this suit. For these reasons, the manufacturer has demonstrated his participation in and control of the defense of this suit

and is bound by the decree to *the same extent* as is the Meyer's Company. Baker-Cammack Hosiery Mills, Inc. v. Davis Co., 4 Cir., 181 F. 2d 550, 573; E. I. DuPont De Nemours & Co. v. Sylvania Industrial Corp., 4 Cir., 122 F.2d 400; Soufront v. La Compagnie Des Sucreries De Porto Rico, 217 U.S. 475, 30 S.Ct. 608, 54 L.Ed. 846." (Emphasis supplied.)

Again, in Aghnides v. S. H. Kress & Co., D.C.M.D.N.C.1956, 140 F.Supp. 582, 587, Judge Hayes, in further discussing the validity of injunctions addressed to manufacturers in cases of this type, had this to say:

"It is the contention of the defendant that Melard Manufacturing Company was not a party to the suit and that no issues are raised which warrant a finding in relation thereto, relying on Minneapolis-Honeywell Regulator Co. v. Thermoco., Inc., 2 Cir., 116 F.2d 845, 846. It is there stated: 'Obviously it was not necessary to the decision of any of these issues to decide who was defending the action.' This is in conflict with the rule in the Third and Fourth Circuit Courts of Appeals. Caterpillar Tractor Co. v. International Harvester Co., 120 F.2d 82, 139 A.L.R. 1 and extensive note beginning at page 9; E. I. Du Pont De Nemours & Co. v. Sylvania Industrial Corporation, 122 F.2d 400; Aetna Casualty & Surety Co. v. Abbott, 130 F.2d 40, at page 42. In the latter case the court said:

" 'The defense that the gold certificates were possessed by plaintiff in violation of law was asserted and fully passed on in the suit against the Takoma Park Bank, in which the judgment sued on was obtained, and which was admittedly defended by defendant under its policy. It is too well settled to admit of discussion that on such a question the defendant is concluded by the judgment. The defendant, by defending the action, bound itself by the

judgment to the same extent as though a party to the record. E. I. Du Pont De Nemours & Co. v. Sylvania Industrial Corporation, 4 Cir., 122 F.2d 400, 404; Lovejoy v. Murray, 3 Wall. 1, 18 L.Ed. 129. And as said by this court in National Bondholders Corp. v. Seaboard Citizens Nat. Bank, 4 Cir., 110 F.2d 138, 143: "It is well settled that a fact or question which was actually and directly in issue in a former suit, and was there judicially determined by a court of competent jurisdiction, is conclusively settled by the judgment therein so far as concerns the parties to that action and persons in privity with them, and cannot be again litigated in any future action between the parties or privies in the same or any other court upon either the same or a different cause of action." '

"In Davis Company v. Baker-Cammack Hosiery Mills, D.C., 86 F. Supp. 180; Baker-Cammack Hosiery Mills v. Davis Company, 4 Cir., 181 F.2d 550, there were 167 hosiery manufacturers, not nominal parties to the record, but companies who contributed to the fund to pay counsel for defending the patent infringement suit. The judgment was applied to each contributor as to validity of the patent and each was enjoined against infringement of the patents in suit.

"Hence, both by the great weight of authority and specifically under the law of this circuit, Melard Manufacturing Co. having conducted the defense for Kress and for itself as fully and completely as it could have done if it had been a party, is bound by the judgment against Kress, especially as to the validity of the patents in suit and their infringement by the Mel-O-Flo device sold by Kress and manufactured by Melard Manufacturing Company."

In E. I. DuPont De Nemours & Co. v. Sylvania I. Corp., 4 Cir., 1941, 122 F.2d 400, 404, the Court of Appeals for this

Circuit, speaking through Judge Soper, said:

"The binding force of the judgment of a court upon a person not named as a party to the suit, but actually in control thereof to the knowledge of the other side, has been frequently described in the decisions of the federal courts. The underlying principle is succinctly stated in Souffront v. Compagnie Des Sucreries, 217 U.S. 475, 486, 487, 30 S.Ct. 608, 612, 54 L.Ed. 846, as follows: 'The persons for whose benefit, to the knowledge of the court and of all the parties to the record, litigation is being conducted, cannot, in a legal sense, be said to be strangers to the cause. The case is within the principle that one who prosecutes or defends a suit in the name of another, to establish and protect his own right, or who assists in the prosecution or defense of an action in aid of some interest of his own, and who does this openly, to the knowledge of the opposing party, is as much bound by the judgment, and as fully entitled to avail himself of it, as an estoppel against an adverse party, as he would be if he had been a party to the record. Lovejoy v. Murray, 3 Wall. 1, 18 L.Ed. 129.'

"The Circuit Courts of Appeals have applied this principle, especially in cases in which the manufacturer of an article alleged to infringe a patent has undertaken to defend a customer when sued for infringement. It has been quite generally held that while mere assistance in the defense of a case is insufficient to bind a person not joined as a party, participation in the trial and control of the litigation, openly avowed by the participant or at least known to the other side, *will bind the participant as fully as if he had been a party to the record.*" (Emphasis supplied.)

Almost the identical problem here involved was before the court in Ocean Accident & Guarantee Corp. v. Felgemaker, 6 Cir., 1944, 143 F.2d 950, 952. There it is held that while no *in personam* jurisdiction was obtained by the attempted service of summons on an out-of-state corporation, the company, nevertheless, voluntarily subjected itself to the jurisdiction of the court when it entered a general appearance *by conducting the defense.* The court went on to say:

"It has often been held that a person not technically a party to a judgment may be so directly connected with it by his interest in the result of the litigation and by his active participation in the suit as to be bound by the judgment. Inter Insurance contends that it is not a party to the case; but the term 'parties' frequently connotes more than merely parties to the record of an action. Thus the doctrine of res judicata has been applied to persons who were not designated parties to the action, but had control of the prosecution or defense and exercised it in support of their own interest. Lovejoy v. Murray, 3 Wall. 1, 18 L.Ed. 129; City of New Orleans v. Gaines, 138 U.S. 595, 607, 11 S.Ct. 428, 34 L.Ed. 1102, Caterpillar Tractor Co. v. International Harvester Co., 3 Cir., 120 F.2d 82, 139 A.L.R. 1.

"As a development of the same doctrine, it is also frequently held that a judgment may be rendered directly against one who although not a formal party in the case, has assumed or participated in the defense." (Citing cases.)

■ The cases above referred to, and the decisions cited in those cases, are clear authority for sustaining the validity of the challenged portion of the judgment here involved. They also stand for the proposition that Tubular is bound to the same extent as the named defendant. It should be remembered that Tubular not only appeared and openly defended the litigation during every stage of the proceeding, but specifically requested that it be bound by the final judgment. Tubular presented and cross examined

witnesses. It had a full opportunity to take advantage of every defense that could have been asserted had it been a named defendant. Since Tubular affirmatively sought to be bound so that it could gain the fruits of its anticipated victory, it should not be heard to complain, after the issues were resolved against it. Under these circumstances, a judgment against Tubular clearly meets the test of "traditional notions of fair play and substantial justice." Hanson v. Denckla, 1958, 357 U.S. 235, 78 S. Ct. 1228, 1242, 2 L.Ed.2d 1283; International Shoe Co. v. Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; Westcott-Alexander v. Dailey, 4 Cir., 1959, 264 F.2d 853; Worley's Beverages, Inc. v. Bubble Up Corp., D.C.E.D.N.C. 1958, 167 F.Supp. 498.

Tubular relies principally upon Pennoyer v. Neff, 1877, 95 U.S. 714, 24 L. Ed. 565; Merriam v. Saalfield, 1915, 241 U.S. 22, 36 S.Ct. 477, 60 L.Ed. 868; S. S. Kresge Co. v. Winget Kickerneck Co., 8 Cir., 1938, 96 F.2d 978, and Brock v. Brown, D.C.Md.1956, 138 F.Supp. 628, in support of its contentions that the portion of the judgment naming and enjoining Tubular is void. Without discussing these cases at length, it is apparent that none of them are directly in point, and that most are distinguishable in some respects. The strict requirements for *in personam* jurisdiction prescribed in the Pennoyer and Merriam cases seem to have been modified to some extent by the later pronouncements of the Supreme Court in such cases as International Shoe Co. v. Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L. Ed. 95, and Hanson v. Denckla, 1958, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283. In Brock v. Brown, D.C.Md.1956, 138 F.Supp. 628, Judge Thomsen apparently gave great weight to the pendency of a suit between the same parties in the Southern District of New York where the same issue would be litigated. Another pertinent factor not present in any of the cases relied upon by Tubular is the affirmative request by Tubular, after it had appeared and openly conduct-

ed the defense, that it be bound by the judgment. Additionally, Redman neither sought nor obtained a judgment against Tubular for damages for past infringement, but only sought and obtained an injunction restraining future violations with respect to issues resolved against Tubular.

There is one other contention made by Tubular deserving of comment. It urges that since 28 U.S.C.A. § 1400 requires patent infringement suits to be brought in the judicial district where the defendant resides and has an established place of business, and since Tubular is a New York corporation and has no established place of business in this district, this court lacked jurisdiction over the person of Tubular. There is no merit to this contention. The statute relates to venue and does not affect the jurisdiction of the court. Whatever basis there might have been for such an objection at the outset of the trial, had Redman then sought to name Tubular a party defendant, such objections could not survive Tubular's action in openly conducting the defense and affirmatively requesting that it be bound by the judgment. Venue is a matter of privilege personal to a defendant which must be timely asserted, else it is waived. Gulf Smokeless Coal Co. v. Sutton, Steele and Steele, 4 Cir., 1929, 35 F.2d 433. Further, as earlier noted, it is specifically held in Ocean Accident & Guarantee Corp. v. Felgemaker, 6 Cir., 1944, 143 F. 2d 950, that an insurance company made a general appearance by actively defending the case through its attorneys. Under the Gulf Smokeless Coal case, this would be sufficient to constitute a waiver of venue.

It follows from the views expressed that the portion of the judgment and decree on mandate, naming and enjoining Tubular, and the writs of injunction issued against Tubular, are in all respects valid, binding and enforceable, and that the motion by Tubular to vacate the judgment and quash the show cause order should be denied.

■ And finally, there can be no question but that Tubular and its officers, Eugene Cohn and Joseph Cohn, have deliberately violated the writs of injunction. After the judgment of this court had been affirmed by the Court of Appeals, and a petition for a writ of certiorari had been denied by the Supreme Court, Tubular and its officers continued their infringement activities and sought protection by collateral attack in another court. Eugene Cohn and Joseph Cohn are the responsible officers of Tubular and direct its activities. They appeared and testified at the trial of the case in this court. They intervened in the New York action and filed affidavits in support of the preliminary injunction they were seeking. It affirmatively appears from the allegations in the pleadings in the New York action, and the affidavits filed in support of the preliminary injunction, that Tubular and its officers have deliberately ignored the writs of injunction issued by this court. No response whatever has been filed by either Tubular or the Cohns to the allegations set forth in the petition for order to show cause, or the supporting affidavits. These allegations stand unanswered and unchallenged.

## Conclusions of Law

1. This court's judgment of September 23, 1957, and this court's decree on mandate dated March 13, 1959, naming and enjoining Tubular, and the writs of injunction issued against Tubular on March 16, 1959, are in all respects valid, binding and enforceable against Tubular and its officers.

2. Tubular and its officers, Eugene Cohn and Joseph Cohn, have deliberately violated said injunction and are in civil contempt of this court.

3. The motion of Tubular to vacate this court's judgment of September 23, 1957, and this court's decree on mandate dated March 13, 1959, insofar as the judgment and decree on mandate name and enjoin Tubular, and the writs of injunction issued against Tubular on March 16, 1959, and the motion of Tubu-

lar to quash the show cause order for civil contempt, are denied.

4. Redman is entitled to compensatory damages resulting from the violation of said injunction during the period from March 19, 1959, until Tubular has demonstrated to the satisfaction of the court that it has ceased to violate the injunction, together with all costs in bringing this motion, including a reasonable attorney's fee. Redman is further entitled to assurance of the immediate and future compliance with the provisions of the injunction.

Counsel for the parties are requested to appear before the court at 2:00 o'clock P.M. on February 25, 1960, and express their views with respect to the form of the order and the advisability of referring the proceeding to a Special Master for the ascertainment of damages and costs to be awarded Redman.