279 F.2d 594
 126 U.S.P.Q. 479
 Carl SCHNELL and The Griffith Laboratories, Inc., an
Illinois corporation, Plaintiffs-Appellants,
v.
PETER ECKRICH & SONS, INC., and Indiana corporation, and The
Allbright-Nell Company, an Illinois corporation,
Defendants-Appellees.
 Nos. 12901, 12902.
 United States Court of Appeals Seventh Circuit.
 June 20, 1960.
 
 Charles J. Merriam, Chicago, Ill., Eugene C. Knoblock, South Bend, Ind., Norman M. Shapiro, Chicago, Ill., Merriam, Smith & Marshall, Chicago, Ill., Oltsch & Knoblock, South Bend, Ind., of counsel, for appellants.
 Clemens Hufmann, Chicago, Ill., Richard D. Mason, M. Hudson Rathburn, Chicago, Ill., Mason, Kolehmainen, Rathburn & Wyss, Chicago, Ill., Torborg & Miller, Fort Wayne, Ind., of counsel, for appellees.
 Before SCHNACKENBERG and CASTLE, Circuit Judges, and PLATT, District judge.
 CASTLE, Circuit Judge.
 
 
 1
 These appeals are in two actions brought in the District Court for the Northern District of Indiana by Carl Schnell and The Griffith Laboratories, Inc., plaintiffs-appellants[1] for the infringement of certain patents. The first case involved two patents and was originally brought only against defendant-appellee, Peter Eckrich & Sons, Inc.[2] Defendant-appellee, Allbright-Nell Company,[3] was joined as a defendant by an amended complaint. The second suit involved a third patent and from its commencement both Eckrich and Allbright-Nell were named as defendants.
 
 
 2
 The District Court granted the motion of Allbright-Nell, filed in each case, to quash a summons served on it in Illinois and to dismiss it from the action on the ground that it was not subject to suit in the Northern District of Indiana. Allbright-Nell was dismissed and we granted petitions of plaintiffs to appeal pursuant to 28 U.S.C.A. 1292(b), the District Court having certified in each case that the order at issue involves a controlling question of law as to which there is substantial grounds for difference of opinion and an immediate appeal may materially advance the ultimate determination of the litigation.
 
 
 3
 The sole contested issue is whether as a matter of law Allbright-Nell, a named defendant, by its open assumption and control of the defense of Eckrich submitted to the jurisdiction of the District Court?None of the facts is in dispute. Allbright-Nell is the manufacturer of the accused devices. Eckrich is its customer. By contract Allbright-Nell is obligated to indemnify Eckrich and to defend it in any suit based on a claim that the accused devices or their use in accordance with Allbright-Nell's specifications constitute an infringement of any U.S. patent. It is conceded for the purpose of the record that Allbright-Nell does not have a place of business in Indiana. No claim to jurisdiction is based on the service made in Illinois, which was quashed.
 
 
 4
 The sole basis asserted as conferring jurisdiction over Allbright-Nell is that by controlling the defense it was in fact protecting its own interest as well as those of Eckrich and that such action constituted a general appearance submitting to the jurisdiction of the District Court. It is not disputed that Allbright-Nell was and is defending the two actions for Eckrich and has assumed full control of the defense.
 
 
 5
 In our opinion the decision of this Court in Freeman-Sweet Co. v. Luminous Unit Co., 7 Cir., 264 F. 107 is controlling in the instant case. It was there held that a manufacturer who assumed control of the defense of a patent infringement suit brought against one of its customers in a jurisdiction of which the manufacturer was not an inhabitant could not, over its objection, be made a party defendant. This Court there said (at pages 109, 110):
 
 
 6
 'At the trial, counsel of record for the sole defendant Freeman-Sweet Company, stated, in answer to an inquiry, that he had been employed and was compensated by the appellant, the Reflectolyte Company to defend this suit brought against its vendee; he conceded that it was privy to the case and that the decision to be rendered would be res adjudicata as to it as well as to the Freeman-Sweet Company, on the questions of validity and infringement but he objected to having his employer appellant the Reflectolyte Company, made a party defendant to this suit, claiming for it the privilege of not being sued in a jurisdiction of which it was not an inhabitant and in which it had no regular and established place of business. Specifically counsel urged that damages claimed for unfair competition could not be adjudicated against it, a citizen of the same state as plaintiff. Thereupon plaintiff specifically disclaimed any recovery against either appellant on this ground, limiting the suit to injunction, damages, and accounting of profit for infringement.
 
 
 7
 'But counsel did not thereupon consent to the jurisdiction of the court over this appellant; his objection to its being made a party defendant, as distinguished from a privy remained and the objection, in our judgment, was valid. Without its consent, the court was powerless to compel this appellant to submit to an accounting in Illinois, for all infringements committed in the course of its business in Missouri. While as privy it was bound by the decision as to validity and infringement, it had the right to insist that it be not held to account in Illinois as decreed by the court.'
 
 
 8
 The opinion of the district court in Esquire, Inc. v. Varga Enterprises, Inc., 81 F.Supp. 306, affirmed 7 Cir., 185 F.2d 14, cited by plaintiffs, does not set forth the facts nor the legal principle upon which Vargas' submission to jurisdiction was predicated but merely asserts (81 F.Supp. at page 307) that 'The evidence appears to be sufficiently clear that he has submitted to the jurisdiction of the Court * * *'.
 
 
 9
 In The University of Illinois Foundation v. Block Drug Co., D.C., 133 F.Supp. 580, affirmed 7 Cir., 241 F.2d 6, also cited by plaintiffs, it is not shown that an objection to jurisdiction was made. In neither case was the point considered on appeal in this Court. We do not regard these cases as adjudicating the point here in issue.
 
 
 10
 In Ocean Accident & Guarantee Corp. v. Felgemaker, 6 Cir., 143 F.2d 950, 952, relied upon by plaintiffs, the service was quashed because the district court had 'no jurisdiction to issue process in this case beyond the limits of the district'. Although the court assumed jurisdiction on the ground of 'control of the defense' it does not appear a specific objection was interposed that the venue was inappropriate and the insurance carrier not subject to suit therein. In the instant case such an objection was timely made by Allbright-Nell's motion for dismissal on the ground that it was not subject to suit in the district. Nor is Allbright-Nell by its contract liable to plaintiffs by virtue of any judgment they may recover from Eckrich as was the case under the insurance contract involved in Ocean Accident. And in Ocean Accident the effect of the privy's conduct as authorizing entry of judgment against it was not determined until, as a past and compelted occurrence, it was subject to judicial appraisal in the light of all factors involved. In the instant case we are importuned to accept a contractual obligation to defend and mere entrance thereupon as conclusive not only of one's ultimately being bound by the judgment entered but also of being, in the interim, subject to all of the incidents of being a formal party to the action.
 
 
 11
 If, as plaintiffs contend, Ocean-Accident appears to chart such a course we are not disposed to follow it. Under our holding in the Freeman-Sweet Co. case recognition of contractual obligation to defend does not have an irrevocable effect which fails to consider or protect against changes which may occur in the course of the litigation between the privy and the defendant, such as possible termination of the defense agreement by consent, its renunciation by the defendant or its breach by defendant's failure to cooperate.
 
 
 12
 In our view statutory requirements of venue should not be nullified or dispensed with by an extension of the doctrine by which a person may in some situations become bound by a judgment although not a formal party to the action subject to the jurisdiction of the court which entered it.
 
 
 13
 The orders of the District Court are affirmed.
 
 
 14
 Affirmed.
 
 
 15
 PLATT, District Judge (dissenting).
 
 
 16
 In my opinion Allbright-Nell Company has entered its general appearance in these cases and waived venue as required by 1400, Title 28 U.S.C.A.
 
 
 17
 The majority opinion is based primarily upon Freeman-Sweet Co. v. Luminous Unit Co., 7 Cir., 1920, 264 F. 107, certiorari denied 253 U.S. 486, 40 S.Ct. 482, 64 L.Ed. 1025, which presents a different situation than presented here. The district court in the instant case made the following finding of fact:
 
 
 18
 'The defense of this case has been openly assumed by said Allbright-Nell Company, which concedes that it was and is defending this suit for defendant, Peter Eckrich & Sons, Inc., and has assumed full control of the defense thereof. This defense is pursuant to a contract dated March 6, 1959, the pertinent provision of which is as follows:
 
 
 19
 '3. The Allbright-Nell Co. agrees solely at its expense to defend or settle any suit or proceeding brought against Peter Eckrich and Sons, Inc. based on a claim (of which claim prompt and timely written notice shall have been given to The Allbright-Nell Co.) that the ANCO Emulsitators supplied by The Allbright-Nell Co., or the use thereof in accordance with specifications of The Allbright-Nell Co., constitutes an infringement of any United States patent, and The Allbright-Nell Co. agrees to indemnify Peter Eckrich and Sons, Inc. for any expenses directly arising from any such claim, provided that Peter Eckrich and Sons, Inc. shall not undertake to defend any such suit or proceeding nor to effect any settlement or compromise thereof without the prior express written consent of The Allbright-Nell Co.; and should the ANCO Emulsitator or its use as specified by The Allbright-Nell Co. be adjudicated to constitute an infringement of any United States patent, The Allbright-Nell Co. further agrees to pay all court awarded damages and costs, and solely at the expense of The Allbright-Nell Co. * * *'
 
 
 20
 Thus, Allbright-Nell, the manufacturer, not alone employed counsel and was obligated to pay attorney's fee but it assumed full control of the defense, and by the contract was required to pay the judgment and costs against Eckrich, and Eckrich could not compromise the action. In Freeman-Sweet, the Reflectolyte, the manufacturer, was not a defendant in the original suit where the validity and infringement was determined, but only in a subsequent suit for 'injunction, damages, and accounting.' Allbright-Nell is named defendant in this suit, the original action, where all issues will be determined, and is the real party in interest with the right to make the defense in any manner it decides, take or defend an appeal, without any interference from Eckrich.
 
 
 21
 In Ocean Accident & Guarantee Corp. v. Felgemaker, 6 Cir., 1944, 143 F.2d 950, which the majority opinion refuses to follow, Inter Insurance Exchange was not a party to the original action against its insured where judgment was obtained, but it controlled the defense of that suit. After judgment was obtained a supplemental action was brought against Inter Insurance Exchange to collect the judgment against its insured. Inter Insurance Exchange made a motion to quash the service of summons as soon as it was made a party defendant to the supplemental action to collect judgment because it was an inhabitant of Illinois and the suit was brought in Ohio. Felgemaker v. Ocean Accident & Guarantee Corporation, D.C.N.D.Ohio E.D.1942, 47 F.Supp. 660, 661, affirmed as to Inter Insurance Exchange in 143 F.2d 950, 952. The service of process on the defendant, Inter Insurance Exchange, was quashed but the court assumed jurisdiction of Inter Insurance Exchange and entered judgment against it. Inter Insurance Exchange was not a proper party to the original proceeding where judgment was obtained against its insured. Felgemaker v. Ocean Accident & Guarantee Corporation, supra. Allbright-Nell is a proper party to the original action in the instant case. In Ocean Accident & Guarantee Corporation v. Felgemaker, supra, the court held 'that Inter Insurance had made a general appearance in the suits by actively defending the cases through its attorneys. * * *' The court said at page 952:
 
 
 22
 'Concededly Inter Insurance took every action in the case which it could have taken if it had itself been the defendant, and in fact it exercised absolute and complete control over the proceedings. It had the right to cross-examine, to present testimony, and if it desired, to appeal. It also had a substantial interest in the controversy. * * * Under its agreement, after rendition of the final judgment * * * it was liable to the insured. Therefore when Inter Insurance conducted the defense, it was defending itself.'
 
 
 23
 Allbright-Nell will also control the defense here and is possessed of these same rights and by its contract will be compelled to pay any judgment and costs, if any, against Eckrich. It addition thereto if Allbright-Nell is permitted to be the real party in interest it may take full advantage of Deposition and Discovery as provided in Ch. V, Fed. Rules Civ. Proc., 28 U.S.C.A., but not being a defendant it is questionable what it will be required to disclose. Frasier v. Twentieth Century Fox Film Corp., D.C.D.Neb.L.D.1954, 119 F.Supp. 495; Newmark v. Abeel, D.C.S.D.N.Y.1952, 106 F.Supp. 758; Quemos Theatre Co. v. Warner Bros. Pictures, D.C.D.N.J.1940, 35 F.Supp. 949; Canuso v. City of Niagara Falls, D.C.W.D.N.Y.1945, 7 F.R.D. 162; Stewart-Warner Corporation v. Staley, D.C.W.D.Pa.1945, 4 F.R.D. 333; Isrel v. Shapiro, D.C.S.D.N.Y.1942, 3 F.R.D. 175.
 
 
 24
 The only difference between the instant case and the Ocean Accident case is that judgment has not yet been obtained and may not be against Eckrich, whereas it had already been entered against the Inter Insurance Exchange's insured. Since Allbright-Nell controls the defense and is bound by an indemnity contract, the principles of res judicata will be applicable to the judgment whether it is a party defendant or not. Switzer Brothers, Inc. v. Chicago Cardboard Co., 7 Cir., 1958, 252 F.2d 407, 412. In Bros, Incorporated v. W. E. Grace Manufacturing Co., 5 Cir., 1958, 261 F.2d 428, the court said at page 430:
 
 
 25
 'While the mere payment of counsel fees or participation in a trial by one not a named party to it would not alone be sufficient, cf. I. T. S. Rubber Co. v. Essex Rubber Co., 1926, 272 U.S. 429, 47 S.Ct. 136, 71 L.Ed. 335, Restatement, Judgments 84, comment e (1942), the extent and nature of that participation may completely alter the consequences. * * * The alternative, of course, is to jump in and give the case full and active defense as though the manufacturer were the real named party. * * *
 
 
 26
 'Where that course is followed and the non-party actively and avowedly conducts the defense, manages and directs the progress of the trial at its expense and under its supervision, the outcome, which if favorable would have redounded to his benefit, if adverse becomes sauce for goose and gander alike, and binding under principles of res judicata.'
 
 
 27
 A manufacturer under similar circumstances has been restrained where the decree was entered against the dealer in a patent suit. Redman v. Stedman Manufacturing Company, D.C.M.D.N.C.G.D.1960, 181 F.Supp. 5; Eagle Mfg. Co. v. Miller, C.C.S.D.Iowa E.D., 1890, 41 F. 351, reversed on other ground 151 U.S. 186, 14 S.Ct. 310, 38 L.Ed. 121. There is no reason why the principle set forth in the Ocean-Accident case should not be applied in the instant patent case. See Metalock Repair Service, Inc. v. Harman, 6 Cir., 1958, 258 F.2d 809.
 
 
 28
 The venue statute 'relates to the convenience of the litigants and as such is subject to their disposition.' Riley v. Union Pac. R. Co., 7 Cir., 1949, 177 F.2d 673, 675. The objections to venue 'may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct.' Neirbo Co. v. Bethlehem Shipbuilding Corp., 1939, 308 U.S. 165, 168, 60 S.Ct. 153, 155, 84 L.Ed. 167. In this case Allbright-Nell has objected seasonably but by its conduct in taking full control of the case, and having executed a contract to pay the judgment and costs, has waived the convenience element of venue. It is present voluntarily in the Northern District of Indiana, the forum of the instant case, and can suffer no inconvenience by being a defendant in the case. Cf. Fairhope Fabrics v. Mohawk Carpet Mills, Inc., D.C.Mass.1956, 140 F.Supp. 313, 316.
 
 
 29
 The chance that Allbright-Nell might terminate its defense agreement is not material. Allbright-Nell has already entered the case and venue once waived can not be revived. Neirbo Co. v. Bethlehem Shipbuilding Corp., supra.
 
 
 30
 In Dicks Press Guard Mfg. Co. v. Bowen, D.C.N.D.N.Y.1916, 229 F. 193, the court made a statement at page 196 which I think is appropriate here:
 
 
 31
 'It would seem plain that the court ought to know what parties, either complainant or defendant, are before it and entitled to be heard, and that the record itself should show this. One of the most vicious things connected with a litigation, either civil or criminal, is the operation of influences from and the recognition of interested persons not appearing as parties on the record. Those who are to be heard at all and recognized in bringing out and considering the merits of a controversy should be parties of record * * *.'
 
 
 32
 For the reasons stated I would reverse the order of the district court dismissing Allbright-Nell from the cases, and hold that it had entered its general appearance and waived venue by its conduct.
 
 
 
 [1]
 Herein referred to as plaintiffs
 
 
 [2]
 Herein referred to as Eckrich
 
 
 [3]
 Herein referred to as Allbright-Nell